HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULAINNE PANAGOCOS, et al,,

Plaintiff,

v.

JOHN J. TOWERY, et al.,

Defendants.

Case No. C10-5018RBL

ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT [Dkt. # 10]

THIS MATTER is before the Court on the "Olympia Defendants" Motion for a More Definite Statement [Dkt. #10]. Plaintiffs are members of an anti-war group, the "Olympia Port Militarization Resistance." They claim that their Constitutional Rights (First Fourth, Fifth and Fourteenth amendments)were violated by a large array of defendants in a variety of ways. Defendant John Towery is alleged to be a civilian member of the Fort Lewis "force protection," and Plaintiffs claim he admits he infiltrated their group under an assumed name in an effort to spy on them and to keep track of their activities and membership. Plaintiffs claim that they were the subject of excessive police force when they were arrested at one of their protests, that evidence was destroyed, and they were mistreated while in custody.

Plaintiffs' Compliant is quite long, but it is not very specific as to which defendants did what to which plaintiff, when, and to what effect. The Olympia Defendants seek a more definite statement of the claims against them under Fed. R. Civ. P. 12(e). Plaintiffs argue that their claims are sufficient under Rule 8, while acknowledging that they need to amend the complaint in any event, to add and delete parties.

The Motion for a More Definite Statement [Dkt. #10] is GRANTED. The Court agrees with the Olympia Defendants that the complaint is too vague and broad to permit them to adequately prepare a defense. The Plaintiffs are therefore ORDERED to file an amended complaint which addresses the following:

1. Excessive force. The Plaintiffs shall identify the circumstances of any claim for excessive force, including which plaintiffs are asserting it against which defendants, what was excessive about the force used, and the damage or injury suffered.

2. Mistreatment in jail. Similarly, the circumstances of this claim should be identified as to each plaintiff, and the defendant(s) who are the subject of the claim, as well as claimed injury or damage.

3. Destruction of evidence. Plaintiffs' Amended Complaint should also address the evidence allegedly destroyed, and who destroyed it, how and when.

The Court recognizes that the Plaintiffs separately seek to Amend their complaint to correct the named Plaintiffs and to add other parties, and that doing so may require them to first provide 60 days notice to some defendants under state law. The court will look favorably upon such a request when it is filed, but for now the existing defendants are entitled to the clarification of the existing claims described above. Plaintiffs shall file an Amended Complaint addressing these issues within 21 days of the date of this order.

IT IS SO ORDERED.

Dated this 10th day of May, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE