HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULAINNE PANAGOCOS, et al.,<br><br>               Plaintiffs,<br><br>     v.<br><br>JOHN J. TOWERY, et al.,<br><br>               Defendants. | Case No. C10-5018RBL<br><br>ORDER GRANTING RENEWED MOTION FOR MORE DEFINITE STATEMENT AND DENYING MOTION FOR SANCTIONS |

THIS MATTER is before the Court on the "Olympia Defendants" Renewed Motion for a More Definite Statement and for Sanctions [Dkt. #39]. The Plaintiffs are members of the anti-war group "Olympia Port Militarization Resistance." They claim that the Olympia Defendants used excessive force when arresting plaintiffs, destroyed evidence of the arrests, and mistreated plaintiffs while they were in custody. This Court has already granted a motion for a more definite statement. That motion ordered the Plaintiffs to address the following:

1.     Excessive force. The Plaintiffs shall identify the circumstances of any claim for excessive force, including which plaintiffs are asserting it against which defendants, what was excessive about the

force used, and the damage or injury suffered.

2.   Mistreatment in jail. Similarly, the circumstances of this claim should be identified as to each plaintiff, and the defendant(s) who are the subject of the claim, as well as claimed injury or damage.

3.   Destruction of evidence. Plaintiffs' Amended Complaint should also address the evidence allegedly destroyed, and who destroyed it, how and when. [Dkt. # 16]

In response, the Plaintiffs filed two amended complaints. The Second Amended Complaint sufficiently claims destruction of evidence, but it still lacks an adequate claim of excessive force or mistreatment in jail. A complaint is sufficient if it gives the defendant "fair notice of what the ... claim is and the ground upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 US 544, 555 (2007)(quoting *Conley v. Gibson*, 355 US 41, 47-48 (1957)). The paragraph regarding destruction of evidence now satisfies the *Twombly* standard. It states that:

> "Lower, Johnson, and other law enforcement personnel acted to destroy evidence of excessive force and other illegal police conduct. In Lower's case, it was video of the arrests that took place in May of 2006 that resulted on the criminal case discussed above, and other evidence to be determined more recently. In the case of Johnson and other unknown Olympia OPfficers [sic], it was video evidence of excessive force and false arrests that took place on the 10th of November, 2007, including force during the arrest of Plaintiff Rios."
> [Pl.'s Sec. Am. Compl., ¶2.52, Dkt. #31]

This section provides the defendants with fair notice of the claim. It gives specific dates and describes the allegedly destroyed evidence.

On the other hand, the Plaintiffs still have not identified a specific instance of excessive force or mistreatment in jail. The Complaint makes broad allegations that the Olympia Defendants implemented a policy of using excessive force. But it never describes an instance where a defendant used excessive force on a named plaintiff. The Complaint also gives a detailed account of the alleged mistreatment in jail. Nevertheless, it does not specifically identify a named plaintiff who was mistreated. Such broad claims do not satisfy the *Twombly* standard.

As a whole, the Complaint tells a plausible story of police using excessive force and abusing suspects in custody. So the Court wonders why the Complaint never describes these instances using named plaintiffs.

The Renewed Motion for a More Definite Statement [Dkt. #39] is GRANTED. Plaintiffs are ORDERED to file an amended complaint which adequately addresses the following:

1. Excessive force. The Plaintiffs shall describe the circumstances of any excessive force claim, including which individually named plaintiffs are asserting it against which defendants, what was excessive about the force used, and the damage or injury suffered.

2. Mistreatment in jail. The Plaintiffs shall describe the circumstances of the mistreatment, including which individually named plaintiffs were mistreated by which defendants, and the damage or injury suffered.

Plaintiffs shall file an amended complaint addressing theses issues within 14 days of the date of this order. The Court is giving Plaintiffs a final opportunity to state claims that are specific enough for the Olympia Defendants to prepare a response. If Plaintiffs do not comply with this order, then their claims will be dismissed without prejudice.

The Motion for Sanctions [Dkt. #39] is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED

Dated this 30th day of September, 2010.

_[signature]_
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 3