THE HONORABLE RONALD B. LEIGHTON

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIANNE PANAGACOS, ET AL., | ) NO.  3:10-cv-5018 RBL |
| | ) **PLAINTIFFS' RESPONSE TO** |
| | ) **DEFENDANT COLVIN/USA'S MOTION** |
| | ) **TO DISMISS OR FOR SUMMARY** |
| **Plaintiffs,** | ) **JUDGMENT** |
| | ) |
| **v.** | ) |
| | ) |
| JOHN J. TOWERY; THOMAS R. RUDD; | ) Noted for November 19, 2010 |
| CLINT COLVIN; CITY OF OLYMPIA | ) |
| TOR BJORNSTAD, et al., | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

JULIANNE PANAGACOS, MALLORY HAGEL, STEPHANIE SNYDER, EMILY COX,

Panagacos v. Towery, **3:10-cv-5018 RBL** et al- Plaintiffs' Response to Colvin's Dismissal Motion

LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

1

MOLLY PORTER, ANDREA ROBBINS, JULIA GARFIELD, ERAN RHODES, ELI

EVANS, CHRIS GRANDE, DAVI RIOS, BRENDAN DUNN, GLEN CRESPO, and

JEFFERY BERRYHILL the Plaintiffs herein, by and through their attorney, hereby

respond to Defendant Colvin/USA's Motion to Dismiss or in the Alternative for Summary

Judgment as follows:

Plaintiffs first of all concede that the Coast Guard is specifically exempted from

the Posse Comitatus Act, and is in a strange hybrid position, part branch of the military,

part sub-agency of the Department of Homeland Security.  This leaves it in a prime

position to abuse its authority and to engage in activities that no other branch of the

military can.  In the matters that are part of these action and in engaging in the activities

that Plaintiffs detail in this action and in this motion response, Plaintiffs contend that Mr.

Colvin and his agency overstepped their restrictions under the Fourth Amendment as

pertain to Federal Law Enforcement, and violated Plaintiffs' rights under the Fourth

Amendment, by conducting illegal surveillance and covert operations against Plaintiffs

and others, which also served to chill Plaintiffs' exercise of their First Amendment Rights

as detailed in the complaint in this matter and below, and also violated Plaintiffs First

Amendment rights by targeting them for arrest, excessive force, and other violations

based on their participation in and identification with First Amendment protected activity.

Plaintiffs believe that they herein make a sufficient showing that Defendants' 12(b)(6)

motion should be denied, and Defendants' summary judgment motion should be denied

Panagacos v. Towery, **3:10-cv-5018 RBL** et al- Plaintiffs' Response to Colvin's Dismissal Motion
LAWRENCE A. HILDES                                                                                                  2
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

based on that showing, and, otherwise under FRCP 56(f), to allow Plaintiffs to engage in sufficient discovery, which has not yet begun in this matter, due to Defendants' repeated requests and motions to delay the inception of the litigation, so that Plaintiffs may ascertain what other activities Defendant Colvin engaged in and whether those activities violated Plaintiffs 1st and 4th Amendment Rights.

## I.   <u>Introduction and Brief Statement of Facts</u>

Plaintiffs were engaged in First Amendment protected activity protesting against use of their local public ports for military shipments from and to the US wars in Iraq and Afghanistan, as such they were active with Port Militarization Resistance(PMR), a movement created to voice such objections through public demonstrations.  At least as early as February of 2007, according to available public documents, various law enforcement and military organizations began covert surveillance on PMR and taking systematic steps to penalize participants and attempted participants in PMR demonstrations from doing so, and to disrupt and prevent peaceful, legal demonstrations from taking place causing significant harm to those targeted.  Those targeted were identified by the covert surveillance.

Much such conduct, on the part of local and state agencies has been the subject of resolved and ongoing litigation before this court in <u>Chinn v. Blankenship-</u> 3:09-cv-05119-RJB, <u>McCarthy v. Barrett-</u> 3:09-cv-05120-RBL, and <u>Love v. City of Olympia-</u>

<u>Panagacos v. Towery</u>, **3:10-cv-5018 RBL** et al- Plaintiffs' Response to Colvin's Dismissal Motion
LAWRENCE A. HILDES                                                                                                                3
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

3:09-cv-05531-RBL.

Here, Plaintiffs, all of whom were targeted in some direct and severe fashion based on their First Amendment Freedom of Association protected involvement with PMR, have sued the local agencies and police officers and other public officials/employees as well as the provenly involved Federal employees, and the agencies who sent them to do that work and acted on the results.

Defendant Colvin, in his own motion, to which this is the response, admits to attending at least three meetings of PMR in November of 2007under false pretenses and under a false name.  These meetings were not open to the public, but were by invitation only, and were for the purpose of strategic discussions concerning First Amendment protected demonstrations.

By Colvin's own admission, he attended these meetings for the purpose of gathering intelligence and creating threat assessments of Plaintiffs and others in PMR as to a series of demonstrations that took place, and were anticipated to take place that month.

The demonstrations in question took place in the public streets of Olympia, and not at any ship, out in a harbor or body of water or other facility or location under the jurisdiction of the Coast Guard.

According to these threat assessments, this information was passed on to a variety of local, state, and military personnel and agencies, including the Tacoma

Panagacos v. Towery, **3:10-cv-5018 RBL** et al- Plaintiffs' Response to Colvin's Dismissal Motion
LAWRENCE A. HILDES                                                                                                    4
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

Police Department and the Olympia Police Department.

    According to a Summary report from Defendant Olympia Police Commander Tor

Bjornstad, he and his command relied on threat assessment and reports from

informants from the Army(Towery, etc) and the Coast Guard (Colvin) when

determining what law enforcement action to take against the demonstrations.

Bjornstad cites information from the Army and Coast Guard informants in making the

determination to make what amounted to pre-emptive arrests on the night of

November 13, 2007.

    Plaintiffs Panagacos, Cox, Snyder, Porter, Robbins, and Garfield were all

arrested that night while peacefully demonstrating in a street blocked off from

automobile traffic by the police.  They were all charged with "attempted disorderly

conduct" and obstruction.  Bjornstad in his reports claims that they knew that these

Plaintiffs and several dozen more arrested that night intended to commit civil

disobedience because of the intelligence they had received from the infiltrators, and

what had occurred on prior nights.  The latter is legal invalid, based on among other

cases, Collins v. Jordan 102 F.3d 406 (9th Cir. 1996) and Carroll v. President and

Com'rs of Princess Anne, 393 U.S. 175. The former is part of the subject of the case

against Defendants Colvin, among others.

    Plaintiffs Rhodes, and Evans, Grande, and Rios, were all arrested on other

nights in November of 2007, based at least in part on intelligence from the threat

Panagacos v. Towery, **3:10-cv-5018 RBL** et al- Plaintiffs' Response to Colvin's Dismissal Motion
LAWRENCE A. HILDES                                                                                          5
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

assessments.

Plaintiffs Dunn, Crespo, and Berryhill all suffered extensive harassment and harm as detailed in the 2nd and 3rd Amended Complaints in this matter.  All were targeted based on their involvement in PMR, their household's involvement in PMR, and personal direction from Towery, Rudd, and Plaintiffs reasonably believe Colvin.  All three provided information for and produced threat assessments of Plaintiffs and their households.

By all accounts the infiltration and surveillance continued until at least July of 2009 when Towery's identity became known, as did Colvin's through documents obtained by Plaintiffs in state Public Records Act requests.

The end result of this infiltration and repression was that PMR suffered internal dissention, accusation, mistrust, suspicion, and unwillingness to work with each other out of fear that has prevented PMR from engaging in any demonstrations or other First Amendment protected activity since May of 2009.

This action followed.

## II. LEGAL ARGUMENT

### A. THE FIRST AND FOURTH AMENDMENTS PROHIBIT THE ACTIVITY DEFENDANT COLVIN ADMITS TO AND PLAINTIFFS ARE ENTITLED TO COMPENSATION FOR THE HARM HE CAUSED THEM

Defendant Colvin relies on two arguments in his motion 1) That the Coast Guard which employs him, is not subject to the restrictions placed on the military under the

Panagacos v. Towery, **3:10-cv-5018 RBL** et al- Plaintiffs' Response to Colvin's Dismissal Motion
LAWRENCE A. HILDES                                                                                         6
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

Posse Comitatus Act, which, as discussed in the introduction to this pleading, is correct, and 2) that even if the Posse Comitatus Act applied, his conduct was lawful and would not fall under it, which is not.

First of all, as discussed below in Section II B., filing the motion responded to herein alleging facts that, because Defendants have sought and obtained lengthy postponements of the inception of discovery in this litigation, they cannot investigate or supplement, allowing Plaintiffs to delve into what other activities Defendant Colvin may have engaged in that clearly violate Plaintiffs protected rights violates FRCP 56(f), and any motion by Defendants based on only the facts they admit to or disclose without opportunity for discovery must be denied.

Secondly, even the conduct alleged is sufficient under caselaw to maintain an action against Colvin as a Federal Law Enforcement officer not regulated by Posse Comitatus for violating Plaintiffs First and Fourth Amendment rights and causing them severe harm.

There is a fair amount of caselaw on the restrictions placed on law enforcement's ability to infiltrate groups engaged in First Amendment protected activity as here and causing the harm Plaintiffs suffered, and caselaw that a suit under 1983, and by analogy Bivens, is the appropriate remedy for such violations .

<u>Gibson v. United States</u> 781 F.2d 1334, 1337 (9th Cir.1986)(holding that a claim under 42 U.S.C. 1983, could have remedied an unremitting campaign of terror and

<u>Panagacos v. Towery</u>, **3:10-cv-5018 RBL** et al- Plaintiffs' Response to Colvin's Dismissal Motion
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

7

harassment in which government agents stole documents and torched the plaintiffs'
garage)

Ghandi v. Police Dep't of Detroit, 747 F.2d 338, 348-49 (6th Cir.1984)(reversing the
district court's grant of summary judgment to the government where its informant had
infiltrated political party, misstated its goals in op-ed columns, stolen documents and run
for office)

Handschu v. Special Servs. Div., 349 F.Supp. 766, 770 (S.D.N.Y.1972) (reversing
summary judgment where police officers had infiltrated antiwar groups and create[d](as
occurred here) an atmosphere of mistrust, suspicion and hostility so as to prevent their
free and lawful association with one another.

Roaden v. Kentucky, 413 U.S. 496, 504, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973).- First
Amendment concerns become part of the Fourth Amendment analysis because, under
the Fourth Amendment, the court must examine what is ˜unreasonable in the light of the
values of freedom of expression.

     This case is analogous to Handschu.  Here, as there, the result of Defendants
infiltration and disruption, and the repression that resulted was an atmosphere of

Panagacos v. Towery, **3:10-cv-5018 RBL** et al- Plaintiffs' Response to Colvin's Dismissal Motion
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs
8

distrust, fear, antagonism, and suspicion that had not existed before, and PMR has not managed to organize a demonstration since these revelations became public.

This, in addition to the arrests and other harm described in the complaints in this matter and the attached declarations is damages recoverable even though Posse Comitatus does not apply to Defendant Colvin.

The cases Defendant cites under Bivens are not exhaustive and the courts apply 1983 caselaw by analogy.  In addition, Defendant erroneously insists that Plaintiffs are alleging the surveillance is the only harm, where, in fact, Plaintiffs have discussed, at length arrests resulting from the surveillance, disruption of organizing, and extensive other harassment that the surveillance alleged was part of.  Thus, Plaintiffs have met their pleading burden under Rule 12, and this case is not yet at the summary judgment stage.

## **56(f) MOTION**

Federal Rule of Civil Procedure 56(e)(2) provides that "an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against the party."

 Plaintiffs cannot meet the obligations set forth by these rules unless this Court grants Plaintiffs' motion pursuant to Fed. R. Civ. P. 56(f). Plaintiffs cannot respond to or

Panagacos v. Towery, **3:10-cv-5018 RBL** et al- Plaintiffs' Response to Colvin's Dismissal Motion
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

9

refute Defendants' stated facts in support of his Motion for Summary Judgment and must conduct discovery to probe the accuracy of the facts stated and determine whether that was the only infiltration, spying, intelligence gathering and/or searches, and/or related activities Defendant Colvin engaged in.

Plaintiff's inability to respond to Defendant Colvin's motion is based in part on the fact that the only statement of facts is from Colvin himself, and there is no way to verify or refute those facts without engaging in reasonable discovery.

Throughout his motion, Defendants Colvin insists that Plaintiffs have not alleged sufficient facts to withstand a summary judgment motion.  That is precisely because no discovery has been conducted due to this and the other Federal Defendants motions for extensions of time.  Thus Defendant has been able to allege only the facts he wishes to allege, with no ability by Plaintiffs to refute them.

In addition, Defendants have not properly filed a summary judgment motion, as their pleading is misformatted for this jurisdiction, and contains no declarations or affidavits from any party, thus all "facts" are unverified.

Finally, Defendant mis-equates the pleading standard under Rule 12 with the need to allege sufficient material facts in response to a summary judgment motion to withstand a motion for summary judgment.  This is far beyond the standard for notice pleading and cerates an impossible burden for any Plaintiff to meet pre-discovery where facts and information may be established and verified.

Panagacos v. Towery, **3:10-cv-5018 RBL** et al- Plaintiffs' Response to Colvin's Dismissal Motion
LAWRENCE A. HILDES                                                                                          10
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

Defendant Colvin claims facts exclusively within his knowledge as to his activities, whereabouts and schedule to his entitlement to a dismissal despite the unconstitutional conduct alleged in Plaintiff's Third Amended Complaint. "Where the claimant's description of the events suggests that the Defendants' conduct was unreasonable, and the facts that the Defendants claim are dispositive are solely within the knowledge of the defendants and their collaborators, summary judgment can rarely be granted without allowing the plaintiff an opportunity for discovery as to the questions bearing on the defendants' claims of immunity." *Castro v. USA,* 34 F.3d 106, 112 (2d Cir. 1994).

Specifically, the following discovery will need to be conducted in order to properly respond to the aspects of the Defendant Colvin's pending summary judgment motion:

a) **Written discovery:**

Requests to Produce any and all, unredacted and authenticated, reports, memoranda, threat assessments, force protection reports, time cards, other documents that verify his location at the times alleged, e-mail and other electronic communications, letters, and other written communication with the other involved individuals and agencies in order to identify and confirm who received the information and intelligence from Colvin and what it consisted of.

Interrogatories as to Colvin's activities and the chain of command.

b) Depositions of this and other defendants to establish exactly what occurred and how.

Here, discovery has not even begun and fairness requires that substantial discovery take place before such a motion be allowed, and therefore it must be denied as untimely.

Panagacos v. Towery, et al-Plaintiffs RESPONSE TO Defendant Colvin/USA's Motion to Dismiss
LAWRENCE A. HILDES                                                                            11
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Of Attorneys for Plaintiffs

### III. Federal Agencies

Plaintiffs concede that the Tort claims statute for the Federal Agencies does not run, in

two cases until early December, and has already run for Plaintiff Dunn, and that these

three are the only Plaintiffs presently pursuing claims against the military itself.  Plaintiffs

ask that the Branches of the military, who have not yet been served in any case,

become effective parties only as of the date the tort claims statute is fulfilled or that in

the alternative, Plaintiffs be allowed to amend the complaint to add them at the

appropriate time.


### IV. CONCLUSION

Doe all of the above reasons, Defendant Colvin's motion should be denied.


Respectfully Submitted:  November 16, 2010

_____/S/_____
                LAWRENCE A. HILDES, WSBA #35035
                Attorney for Plaintiffs
                P. O. Box 5405
                Bellingham, WA 98227
                Telephone: (360) 715-9788
                Fax (360) 714-1791
                e-mail: lhildes@earthlink.net


Panagacos v. Towery, et al-Plaintiffs RESPONSE TO Defendant Colvin/USA's Motion to Dismiss
LAWRENCE A. HILDES                                                                                     12
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Of Attorneys for Plaintiffs

## PROOF OF SERVICE

Lawrence A. Hildes certifies as follows:

I am over the age of 18 years, and not a party to this action. I am a citizen of the United States.

My business address is P.O. Box 5405, Bellingham, WA 98227

On November 16, 2010, I served the following documents(s) described as follows

PLAINTIFFS' RESPONSE TO DEFENDANT COLVIN'S MOTION TO DISMISS
on the following persons(s) in this action at the following addresses:

Michael D McKay mdm@mckay-chadwell.com, hgr@mckay-chadwell.com, lmm@mckay-chadwell.com,
Thomas Matthew Brennan tmb@mckay-chadwell.com, hgr@mckay-chadwell.com, lmm@mckay-
chadwell.com, lisa@lldkb.com, Thomas Matthew Brennan tmb@mckay-chadwell.com, hgr@mckay-
chadwell.com, lmm@mckay-chadwell.com Kathryn C Pineda kcp@mckay-chadwell.com, hgr@mckay-
chadwell.com, lmm@mckay-chadwell.com

Donald L Law dlaw@lldkb.com,

Theodore J Angelis theo.angelis@klgates.com, rhonda.hinman@klgates.com, Pallavi Mehta
Wahi pallavi.wahi@klgates.com, bill.hill@klgates.com

Mark N. Bartlett MarkBartlett@dwt.com, barbaramcadams@dwt.com

 Michael Diaz michael.diaz@usdoj.gov, ECF-Civ.USAWAW@usdoj.gov, amy.hanson@usdoj.gov,
shannon.connery@usdoj.gov, tina.litkie@usdoj.gov

 [ ] (BY FIRST CLASS MAIL) by placing a true copy of the above documents in a sealed
envelope with postage fully prepaid in the mail at Bellingham, WA, addressed to the person(s)
above at the above address

[X] By electronically serving, by filing an electronic copy with the court in such a way that
notice will be sent to counsel for Defendant

 [X] (FEDERAL) I declare under penalty of perjury that I am a member of the BAR of this court,
and that the above information is true and correct.

Executed on November 16, 2010, at Bellingham, Washington.


_____/S/_____
Lawrence A. Hildes


Panagacos v. Towery, et al-Plaintiffs RESPONSE TO Defendant Colvin/USA's Motion to Dismiss
LAWRENCE A. HILDES                                                                                    13
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Of Attorneys for Plaintiffs