HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULAINNE PANAGOCOS, et al.,

          Plaintiffs,

    v.

JOHN J. TOWERY, et al.,

          Defendants.

Case No. C10-5018RBL

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
DISMISS WITHOUT PREJUDICE AND
DENYING MOTION FOR SANCTIONS

THIS MATTER is before the Court on the Olympia Defendants' Motion to Dismiss Without Prejudice and Renewed Motion for Sanctions [Dkts. #60, 61]. The Plaintiffs are members of the anti-war group "Olympia Port Militarization Resistance." They claim that the Olympia Defendants used excessive force when arresting plaintiffs, destroyed evidence of the arrests, and mistreated plaintiffs while they were in custody. This Court has granted two previous motions for a more definite statement. [Dkts. #16, 52]. The most recent order required Plaintiffs to adequately clarify their claims for excessive force and mistreatment in jail. [Dkt. #52].

ORDER
Page - 1

Plaintiffs filed a third amended complaint on October 7, 2010. [Dkt. #54]. The third amended complaint did little to remedy the deficiencies in the second amended complaint. The Court agrees with the Olympia Defendants that Plaintiffs should have provided a few simple facts regarding each incident. For example, "An unidentified Olympia Police Officer struck Plaintiff Jane Doe in the back, causing a severe bruise, while she protested on the evening on November 13, 2007." Nevertheless, the third amended complaint meets the minimal standards of notice pleading.

A complaint is sufficient if it gives the defendant "fair notice of what the ... claim is and the ground upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 US 544, 555 (2007)(quoting *Conley v. Gibson*, 355 US 41, 47-48 (1957)). The paragraph regarding excessive force now satisfies the *Twombly* standard. It states:

> Plaintiffs were arrested by the Olympia Police based on the above discussed violations. Plaintiffs Panagacos, Cox, Snyder, Porter, Robbins, and Garfield were arrested together on November 13, 2007. Plaintiffs Rhodes, Evans, Grande, and Rios were arrested during the November, 2007 protests, but on different days. All of these Plaintiffs were subjected to excessive force by the Olympia Police during these demonstrations including copious and drastically illegal use of pepper spray on peaceful demonstrators, and massive firing of less retract munitions including rubber bullets, plastic baton rounds, pepper shells, tear gas, and concussion grenades fired into crowds, and at individuals, as well as excessive and inappropriate use of batons, hands and bodies for physical battery. All of these Plaintiffs suffered physical injury, pain and suffering, apprehension, and severe emotional distress. The other three Plaintiffs did not suffer physical injury as a result of the events that are the basis for this action." [Pl.'s Third Am. Compl., ¶2.44, Dkt. #54]

Although not detailed, this section does provide the defendants with fair notice of the claim. This paragraph describes which defendants (the Olympia Police), did what (used pepper spray, rubber bullets, plastic batons, etc.), and to whom (individually named plaintiffs). Defendants' Motion to Dismiss Without Prejudice is DENIED as to Plaintiffs' excessive force claim.[1]

---

[1] The Court allows the claim to proceed because notice pleading is a low bar to clear. However, the Court will not allow Plaintiffs to amend their complaint in the future to add new claims or to further clarify current claims.

ORDER
Page - 2

On the other hand, the Plaintiffs still have not identified a specific instance of mistreatment in jail. In fact, Plaintiffs seem to retract this claim:

> "All such requests were denied virtually completely resulting in medical harm to at least one Plaintiff (Stephanie Snyder) that persisted long after the immediate violations by Defendants. That harm in the jail is the subject of a different action, Love v. City of Olympia, not of this action, and is included herein for factual background purposes."
> [Pl.'s Third Am. Compl., ¶2.50, Dkt. #54]

Plaintiffs apparently only provide this information for "background purposes" so the claim for mistreatment in jail will not be considered in this case. Defendants' Motion to Dismiss Without Prejudice is GRANTED as to Plaintiffs' claim based on any alleged mistreatment in jail.

Defendants' Motion to Dismiss Without Prejudice [Dkts. #60, 61] is GRANTED IN PART and DENIED IN PART.  Defendants' Motion for Sanctions [Dkts. #60, 61] is DENIED.

IT IS SO ORDERED

Dated this 15th day of December, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE