HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIANNE PANAGACOS, et al, | CASE NO. 10-5018 |
| Plaintiff, | ORDER |
| v. | |
| JOHN J. TOWERY, et al, | |
| Defendant. | |

THIS MATTER comes on before the above-entitled court upon the United States' Motion to Dismiss [Dkt. #62] ("First Motion") and Second Motion to Dismiss [Dkt. #75]. The United States moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss all claims against the United States for lack of subject matter jurisdiction because Plaintiffs failed to file claims and exhaust their administrative remedies under the Federal Tort Claims Act ("FTCA") prior to filing their original complaint. *See* 28 U.S.C. §§ 1346(b), 2675(a). Having considered the entirety of the records and file herein, the Court finds and rules as follows:

**I.     BACKGROUND**

Plaintiffs filed their original complaint on or about January 13, 2010. Named among others as defendants were Clinton Colvin, a civilian member of the Coast Guard Investigative

1  Service, and John Towery and Thomas Rudd, civilian employees of the Army Force Protection

2  Division. Plaintiffs did not name as defendants in the original complaint the United States or any

3  of its agencies. They have subsequently twice amended their complaint and have now named as

4  defendants the United States Army, Navy, Air Force, and Coast Guard. [*See* Dkt. #s 31, 54].

5  Included in the Plaintiffs' claims against Colvin, Towery and Rudd are Washington State

6  Constitutional and common law tort claims. Therefore, pursuant to the Federal Employees'

7  Liability Reform and Tort Compensation Act of 1988, specifically 28 U.S.C. § 2679(d)(2), the

8  Court entered Orders substituting the United States as the proper defendant as to Colvin [Dkt.

9  #58], Towery and Rudd [Dkt. #82] for any and all claims against each individual based on the

10 Washington State Constitution or sounding in common law tort.[1]

11 The United States' First Motion to Dismiss relates to the claims involving Colvin.

12 The United States' Second Motion to Dismiss [Dkt. #75], pertaining to the claims against

13 John Towery and Thomas Rudd, was originally noted for December 24, 2010. On December 16,

14 2010 counsel for the Plaintiffs and for the United States, and private counsel for Towery and

15 Rudd, stipulated to re-note this motion and motions to dismiss the remaining claims to January

16 28, 2011. Under the local rules and as per the stipulation, Plaintiffs' responses to the motions

17 were due on Monday, January 24, 2011.

18 Instead of filing responses to the motions when due and as agreed, counsel for the

19 Plaintiffs filed on Tuesday, January 25, 2011, a "Motion to Extend Response Deadline on

20 *Defendants Towery and Rudd's Dismissal Motions and 12(b)(6) Motions*." (emphasis added)

21 [Dkt. #86]. Although Plaintiffs denominate the motion as pertaining to only Towery and Rudd's

22

23

24    [1] Plaintiffs also assert *Bivens* claims against these defendants. These claims are the subject of separate motions to dismiss. Those motions will addressed in a separate order.

ORDER- 2

dismissal motion, and not to the United States' motion, the body of Plaintiffs' motion indicates that counsel is also seeking an extension to respond to the United States' Second Motion to Dismiss [Dkt. #75].

Plaintiffs have filed a response to the United States' First Motion to Dismiss. [*See* Dkt. #67]. Because both motions raise the identical issue and the motions only differ as to the named defendants, the Plaintiffs request for an extension of time to respond to the United States' Second Motion to Dismiss is **DENIED**. The Court will consider Plaintiffs' response to the First Motion to Dismiss (which was filed one day late) in deciding both motions.

## II.   DISCUSSION

The FTCA is a limited waiver of the United States' sovereign immunity. *See* 28 U.S.C. § 1346(b). Under the FTCA, an action for money damages against the United States may not be instituted unless the claimant "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a).

The record reflects that only two of the named Plaintiffs, Brendan Dunn and Glenn Crespo, have filed such claims with the military branches. Dunn filed his claims in April, 2010 and Crespo filed his claims in June, 2010. [Declaration of Lorenzo Ferguson, Dkt. #63]. These claims remained pending as of October 22, 2010. [*Id*.]. Plaintiffs admit that claims are pending. [*See* Dkt. #67, p. 12].

In their response, Plaintiffs ask that the branches of the military "become effective parties only as of the date the tort claims statute is fulfilled." [*Id*.]. This position fails. In *McNeil v. United States*, 508 U.S. 106 (1993) the Supreme Court was presented with a claimant's argument that his case should be allowed to proceed because, although filed prematurely in District Court, it was not instituted until his administrative remedies were exhausted. The Court flatly rejected

the argument and held that "the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Id*., at 112-113.  Plaintiffs may simply not file in District Court until they have exhausted their administrative remedies.  There is no provision to afford Plaintiffs the relief they seek.

Because Plaintiffs filed their original complaint before they exhausted their administrative remedies, indeed, before they filed claims with the military, this Court is without subject matter jurisdiction over Plaintiffs' claims against the United States.  *Morongo Band of Mission Indians v. California State Board of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) ("In determining federal court jurisdiction, we look to the original, rather than to the amended, complaint.  Subject matter jurisdiction must exist as of the time action is commenced. . . . If jurisdiction is lacking at the outset the district court has 'no power to do anything with the case except dismiss.'").

The United States Motions to Dismiss [Dkt. #s 62, 75] are **GRANTED**.  The United States is **DISMISSED** without prejudice from this action and all claims brought under the Washington State Constitution or sounding in common law tort are dismissed as to Clinton Colvin, John Towery, and Thomas Rudd.

**IT IS SO ORDERED.**

Dated this 27th day of January, 2011.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE