The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIANNE PANAGACOS, MALLORY HAGEL, STEPHANIE SNYDER, EMILY COX, KIM CHAPLIN, MOLLY PORTER, FABIOLA ROMERO, ANDREA ROBBINS, JULIA GARFIELD, ERAN RHODES, ELI EVANS, CHRIS GRANDE, DAVI RIOS,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>JOHN J. TOWERY, THOMAS R. RUDD; CLINTON D. COLVIN; CITY OF OLYMPIA; TOR BJORNSTAD, ET AL.,<br><br>　　　　　　Defendants. | No. 3:10-cv-5018 RBL<br><br>DEFENDANT CLINTON D. COLVIN'S MOTION TO RECONSIDER ORDER ON MOTION TO DISMISS, PURSUANT TO RULE 12(b)(6), OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56<br><br>NOTE FOR MOTION CALENDAR: MARCH 4, 2011 |

DEFENDANT COLVIN'S MOTION TO RECONSIDER ORDER ON MOTION TO DISMISS, PURSUANT TO RULE 12(b)(6), OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (3:10-cv-5018 RBL)
DWT 16662760v1 0092030-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## I. INTRODUCTION

Defendant Clinton Colvin respectfully requests that the Court reconsider its Order denying in part Colvin's Motion to Dismiss Pursuant to Rule 12(b)(6) [Dkt. #101] and grant Colvin's motion in full. Aware of this Court's disfavor of motions to reconsider, Colvin moves on three very limited grounds based on findings and conclusions this Court made in its Order, and thus which were unavailable at the time of initial filing.[1]

Colvin moved for dismissal under Rule 12(b)(6) and, alternatively, summary judgment under Rule 56 [Dkt. #49, hereinafter "Colvin's Motion"]. This Court granted the motion in part and dismissed all claims against Colvin with the exception of Count Nine (*Bivens* claim),[2] which was dismissed only in so far as it was based on Plaintiffs' Fourth Amendment right to be free of excessive force; the remainder of the *Bivens* claim survived. The Court also granted Plaintiffs' Rule 56(f) motion to permit discovery, including Colvin's deposition.[3]

Colvin respectfully requests the Court to reconsider its partial denial of his 12(b)(6) motion to dismiss the *Bivens* claim. Several of the Court's findings in its Order, coupled with a consideration of the Plaintiffs' Complaint in the light most favorable to its allegations, compel the conclusion that Plaintiffs' *Bivens* claim falls short of the relevant legal standard. Specifically, three issues warrant dismissal of the *Bivens* claim: (1) the Order's finding that Plaintiffs have not satisfied *Saucier's* second prong; (2) the Order's finding that Plaintiffs have not addressed, or even attempted to address, standing; and (3) the fact that the only plausible implications that can be drawn from the Complaint do not satisfy *Saucier's* first prong.

---

[1] Although it need not be said, Colvin does not intend to waive any appealable issues in the Order. He is limiting this motion in accordance with Local Rule 7(h)(2) and expressly reserves his right to later appeal any properly appealable issues.

[2] Although Plaintiffs continue to refer to their *Bivens* claim as Count Eight, the preceding count is also labeled Count Eight, thus the *Bivens* claim is actually Count Nine. *See* Dkt. #54, at 46-47.

[3] Colvin is not asking the Court to reconsider its ruling regarding his summary judgment motion.

DEFENDANT COLVIN'S MOTION TO RECONSIDER ORDER ON MOTION TO DISMISS, PURSUANT TO RULE 12(b)(6), OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (3:10-cv-5018 RBL) - 1
DWT 16662760v1 0092030-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Because this motion is limited to the precise grounds for reconsideration, it need not repeat the pleading standards of *Twombly* and *Iqbal*, and the case law regarding the Supreme Court's admonition that "the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials [will] be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815 (2009) (internal quotations and citations omitted). These arguments and authorities were covered in Colvin's motion [Dkt. #49] and reply brief [Dkt. #73].

## II. THE ORDER'S FINDING THAT *SAUCIER'S* SECOND PRONG CANNOT BE MET WARRANTS DISMISSAL OF THE *BIVENS* CLAIM

Plaintiffs, to defeat qualified immunity, must establish that "a constitutional right would have been violated on the facts alleged . . .; and then, whether the right was clearly established when viewed in the specific context of the case." Order at 6-7 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). This is not an "either/or" test; Plaintiffs must satisfy both prongs. Also, Plaintiffs' burden is at its lowest at the pleadings stage, when their allegations benefit from a presumption of truth and require no evidentiary support—the law requires only that they plead facts sufficient to satisfy *Saucier's* test. Separately, although not entirely independently, a compliant must satisfy the particularity requirement of *Twombly* and "provide the grounds of his entitlement to relief, which requires more than labels and conclusions." 550 U.S. 544, 555 (2007).

After finding that *implications* (but not pleaded facts) from Plaintiffs' Complaint create fact questions sufficient to satisfy *Saucier's* first prong (addressed *infra*, Section IV), the Court found that it could not complete the second step of the *Saucier* test because "the contours of the rights at issue have not been fully fleshed out." Order at 14. Colvin respectfully contends that if, as the Court expressly found, Plaintiffs cannot satisfy both *Saucier* prongs at the pleading stage when their burden is at its lowest, qualified immunity must be found. It defeats both the letter and spirit of *Twombly*, especially in the context of

DEFENDANT COLVIN'S MOTION TO RECONSIDER ORDER ON MOTION TO DISMISS, PURSUANT TO RULE 12(b)(6), OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (3:10-cv-5018 RBL) - 2
DWT 16662760v1 0092030-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

qualified immunity, for Plaintiffs to use impermissibly vague pleadings to prevent the application of the qualified immunity test.  Indeed, it creates a blueprint for future plaintiffs who have voluntarily provided information to undercover officers—plead with vague, unsupported, and conclusory allegations and then argue, implicitly or explicitly, that *Saucier* cannot be applied because discovery from the officers is needed to define the constitutional right allegedly at the heart of plaintiffs' claim.  The law does not, and should not, permit this type of gamesmanship.

*Twombly* requires clear, plausible pleadings.  *Saucier* requires allegations sufficient to establish, if true, a violation of a clearly established constitutional right.  Here, the Court held that Plaintiffs' vague and conclusory pleadings do not even permit the *Saucier* test to be applied, let alone met.  Based on this holding, Colvin respectfully requests that the Court reconsider its Order and find that Plaintiffs' failure to meet *Saucier*, even at the pleadings stage when they enjoy extraordinary presumptions, merits a finding of qualified immunity and dismissal of the *Bivens* claim.

### III. PLAINTIFFS' FAILURE TO EVEN ATTEMPT TO ESTABLISH STANDING IS FATAL TO THEIR CLAIM

Colvin's motion documented Plaintiffs' failure to establish standing under the relevant legal framework.  Colvin's Motion at 23-24.  Perhaps an implicit acknowledgment that they cannot establish standing, their response did not include the word "standing" and contained not a single word of argument on this point.  This Court's order acknowledged Plaintiffs' failure by finding that their response failed to even "remotely touch" upon the issue.  Order at 11.

This is precisely what *Twombly*, *Iqbal*, and the qualified immunity doctrine were designed to prevent—plaintiffs merely stating that they have standing (or, in this case, not even stating it) and thus being permitted to subject federal officers to discovery.  The deck is loaded in favor of plaintiffs at this procedural point; any plausible non-conclusory

DEFENDANT COLVIN'S MOTION TO RECONSIDER ORDER ON MOTION TO DISMISS, PURSUANT TO RULE 12(b)(6), OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (3:10-cv-5018 RBL) - 3
DWT 16662760v1 0092030-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

allegations will be accorded a presumption of truth. Despite the leniency of their burden, Plaintiffs' did not even try to meet it, and the Order recognized this failure. Colvin respectfully requests that, before discovery proceeds, plaintiffs be forced to either plead facts sufficient to establish the threshold issue of standing, or at least respond to Colvin's claims that they have failed to do so. Otherwise, their claim should be dismissed.

## IV. PLAINTIFFS' COMPLAINT FAILS *SAUCIER'S* FIRST PRONG

The Court acknowledges, and Plaintiffs do not dispute, the applicability of the "invited informer" doctrine to the *Bivens* claim. Order at 11-13. The Court found that S*aucier's* first prong was satisfied, in spite of the invited informer doctrine, based on its finding two relevant factual disputes. First, the Court found that Colvin claimed to have been invited to the meetings, and Plaintiffs claimed that he was not. *Id.* at 13. Second, Colvin claimed to have been investigating the security of ports used for the shipment of military equipment, and Plaintiffs claimed that they are avowedly peaceful and nonviolent. *Id.* Colvin respectfully asks the Court to reconsider whether Plaintiffs' pleading satisfies *Twombly* and *Iqbal* with respect to these two issues.

### A. Plaintiffs' Complaint Neither Asserts Nor Implies That Mr. Colvin Was Not Invited To The Meetings

Plaintiffs do not expressly state Colvin was never invited to their meetings. The Court found, rather, that this was implied from Plaintiffs' Pleadings. Order at 11, 13. This finding is pivotal to Plaintiffs' claim, because if Colvin was invited, even in an undercover capacity, this case falls squarely within the scope of the invited informer doctrine and qualified immunity applies.[4] *See* Colvin Motion at 24-29. But a careful reading of Plaintiffs' Complaint evinces an acknowledgment that Mr. Colvin was invited to the meetings in question. Plaintiffs allege that Colvin violated their Constitutional rights, not

---

[4] Colvin reiterates that for purposes of this motion he is assuming the facts as Plaintiffs assert them. Plaintiffs have neither rebutted, nor even attempted to rebut outside of unsupported, self-serving conclusions, Colvin's statement and evidence unequivocally demonstrating that the meetings were open to the public.

DEFENDANT COLVIN'S MOTION TO RECONSIDER ORDER ON MOTION TO DISMISS, PURSUANT TO RULE 12(b)(6), OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (3:10-cv-5018 RBL) - 4
DWT 16662760v1 0092030-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

by attending meetings undetected and unnoticed by Plaintiffs, but rather by "lying about his affiliations and purposes, and falsely identifying himself for the purpose of spying of their meetings and activities."  Third Amended Complaint [Dkt. #54] ¶ 1.17.  When Plaintiffs later imply (but never state) that Colvin was not invited to the meetings, their actual claim is that Colvin would not have been invited if Plaintiffs knew that he was an investigator.  Of course, this cannot be expressly stated because it is no defense at all.

Plaintiffs' Complaint expressly states that Colvin identified himself to and communicated directly with Plaintiffs, albeit in an undercover capacity.  The unavoidable implication is that these communications resulted in invitations whereby Plaintiffs permitted Colvin to attend planning meetings.  Nothing in Plaintiffs' Complaint permits an implication alleging that Colvin was not invited.  Plaintiffs' naked, conclusory statements in their response cannot be permitted to contradict the plain language of their Complaint, and they do not move their *Bivens* claim "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570**.**

### B. Plaintiffs' Statement That They Were "Avowedly Peaceful and Nonviolent" Does Not Satisfy *Twombly*

Plaintiffs' attempt to establish a factual question over Colvin's legitimate law enforcement purpose by making a single assertion that they are "avowedly peaceful and nonviolent."  Order at 13.  The Court recognizes this statement's "rather conclusory nature" and the notable absence of pleaded facts that would support it (the Court even suggested statements that Plaintiffs could have pleaded that might have satisfied their burden).  *Id.*  Colvin contends that the Court's express finding, a conclusory statement with no pleaded factual support, falls well short of *Twombly's* requirements.  This is doubly true in the context of qualified immunity.

DEFENDANT COLVIN'S MOTION TO RECONSIDER ORDER ON MOTION TO DISMISS, PURSUANT TO RULE 12(b)(6), OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (3:10-cv-5018 RBL) - 5
DWT 16662760v1 0092030-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## V. CONCLUSION

Colvin moves for reconsideration on three grounds. First, the Order's finding that Plaintiffs' Complaint does not satisfy *Saucier's* second prong, and indeed does not even permit application of the test, compels a conclusion that the *Bivens* claim should be dismissed. Second, the Order's finding that the Plaintiffs failed to address standing, even in the face of a motion to dismiss on that issue, warrants dismissal of the claim. Third, despite the unsupported legal conclusions in Plaintiffs' response, the only implications their Complaint can bear show that they fail *Saucier's* first prong.

Any one of these three grounds, standing alone, legally mandates the dismissal of the *Bivens* claim. Colvin respectfully requests that the Court reconsider its Order and grant his 12(b)(6) motion to dismiss all claims.

DATED this 4th day of March, 2011.

> Davis Wright Tremaine LLP
> Attorneys for Defendant Clint Colvin
>
> By  *s/ Mark N. Bartlett*
>   Mark N. Bartlett, WSBA #15672
>   1201 Third Avenue, Suite 2200
>   Seattle, Washington  98101-3045
>   Telephone: (206) 757-8298
>   Fax: (206) 757-7700
>   E-mail: markbartlett@dwt.com

DEFENDANT COLVIN'S MOTION TO RECONSIDER ORDER ON MOTION TO DISMISS, PURSUANT TO RULE 12(b)(6), OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (3:10-cv-5018 RBL) - 6
DWT 16662760v1 0092030-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who receive CM/ECF notification, and that the remaining parties shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 4th day of March, 2011.

>Davis Wright Tremaine LLP
>Attorneys for Defendant Clint Colvin
>
>By  *s/ Mark N. Bartlett*
>Mark N. Bartlett, WSBA #15672
>Suite 2200
>1201 Third Avenue
>Seattle, Washington  98101-3045
>Telephone: (206) 757-8298
>Fax: (206) 757-7700
>E-mail: markbartlett@dwt.com

DEFENDANT COLVIN'S MOTION TO RECONSIDER ORDER ON MOTION TO DISMISS, PURSUANT TO RULE 12(b)(6), OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (3:10-cv-5018 RBL)
DWT 16662760v1 0092030-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700