HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIANNE PANAGOS, et al,<br><br>       Plaintiffs,<br><br>  v.<br><br>JOHN J. TOWERY, et al,<br><br>       Defendants. | CASE NO. C10-5018RBL<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS [Dkt.#s 76 &78] |

. THIS MATTER comes before the Court upon Defendant Rudd's Motion to Dismiss pursuant to Rule 12(b)(6) [Dkt. #76] and upon Defendant Towery's Motion to Dismiss pursuant to Rule 12(b)(6), or to direct Plaintiffs to provide a more definite statement pursuant to rule 12(e) [Dkt. #78]. The Court has considered the entirety of the records and file herein. Oral argument is not necessary to decide the issues in these motions. The Court's ruling is set forth below.

## I.  BACKGROUND

The Court accepts as true the allegations in Plaintiffs' Third Amended Complaint (TAC) [Dkt. #54]. Plaintiffs are members of a group known as Port Militarization Resistance (PMR). PMR protests the use of public ports for shipments of military equipment used in the wars in Iraq and Afghanistan. Defendants John Towery and Thomas Rudd are civilian employees of the United States Army Force Protection Division at Fort Lewis.

ORDER - 1

Plaintiffs claim Towery and Rudd violated their constitutional rights. The TAC endeavors to allege Towery and Rudd infringed upon Plaintiffs' First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights. According to the TAC, Rudd directed Towery to spy on the PMR and both Defendants used the information they gathered to suppress the Plaintiffs' speech, harass Plaintiffs, falsely arrest Plaintiffs, and interfere with unknown individuals' right to a fair trial.

Plaintiffs make the following specific allegations against Towery:

- Towery infiltrated PMR through deception, disrupted activities of PMR, and identified innocent PMR members for arrest because he did not like the content of their speech. (TAC ¶ 1.15.) These arrests occurred in November of 2007 and May of 2009. (TAC ¶¶ 2.44, 2.56.)

- Towery met police officials to plan strategy designed to silence the PMR. (TAC ¶¶ 1.18, 1.33, 1.34.)

- Towery influenced and directed tactics employed by law enforcement agencies to disrupt the protests without cause or justification. This included covertly breaking the security of and joining a confidential privileged attorney-client listserv for the Defense team in a "related" criminal case. (TAC ¶ 2.6.)

- Towery persuaded activists to attend events and engage in tactics they had not previously intended to engage in and targeted activists for harassment and arrest. (TAC ¶¶ 2.7, 2.17.)

- In November of 2007, along with Rudd, Towery agreed to tactics for neutralizing PMR's ability to protest effectively. (TAC ¶¶ 2.27-2.32.)

Plaintiffs make the following specific allegations against Rudd:

- Rudd directed Towery to infiltrate PMR through deception, disrupt the activities of PMR, and identify PMR members for arrest because he did not like the content of their speech. (TAC ¶ 1.16.) The arrests occurred in November of 2007 and May of 2009. (TAC ¶¶ 2.44, 2.56.)

- Rudd used information obtained from Towery to produce and disseminate Force Protection Reports and Threat Assessments to military, government, and law enforcement officials in order to disrupt PMR's free expression and free association activities. (TAC ¶¶ 1.16, 2.22, 2.29.) These reports were used to justify preemptive arrests and physical attacks on peaceful demonstrations. (TAC ¶ 2.26.)

- Rudd influenced and directed tactics employed by law enforcement agencies to disrupt the protests without cause or justification. This included covertly breaking the security of and joining a confidential privileged attorney-client listserv for the Defense team in a "related" criminal case. (TAC ¶ 2.6.)

- In November of 2007, along with Towery, Rudd agreed to tactics for neutralizing PMR's ability to protest effectively. (TAC ¶¶ 2.27-2.32.)

Plaintiffs allege nine causes of action and name Defendants Towery and Rudd in eight of them. Count One, brought pursuant to 42 U.S.C. § 1983, alleges Defendants violated Plaintiffs' constitutional rights under color of state law. Count Two does not name Towery or Rudd. Count Three alleges Defendants violated Plaintiffs' civil rights under the Washington State Constitution. Counts Four through Eight assert state law tort claims for false arrest, false imprisonment, assault and battery, intentional infliction of emotional distress, and malicious

ORDER - 3

prosecution of unidentified individuals. Count Nine alleges Defendants violated Plaintiffs' Federal constitutional rights and asserts a *Bivens* claim on behalf of Plaintiffs.

## II. DISCUSSION

Both Rudd and Towery move to dismiss all claims against them pursuant to Rule 12(b)(6). In the alternative, Towery asks for a more definite statement pursuant to Rule 12(e). Although Defendants' arguments differ slightly, there are no legally significant factual differences between Rudd and Towery and the same principles of law apply to each. This Order will dispose of both Motions.

Defendants argue Count One should be dismissed because Rudd and Towery are federal actors and are not proper defendants in a § 1983 action. Defendants argue Counts Three through Eight should be dismissed because the Westfall Act, 28 U.S.C. § 2679, provides absolute immunity to federal employees against tort and state law claims. Defendants argue Count Nine's *Bivens* claim should be dismissed because Rudd and Towery are entitled to qualified immunity and because Plaintiffs have not satisfied Rule 8's pleading standard as articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

Plaintiffs respond that Count One should not be dismissed because Towery and Rudd acted in concert with or as agents of municipal entities and are thus state actors subject to § 1983. Relying on this reasoning, Plaintiffs argue Defendants are liable for State Constitution and common law tort violations contained in Counts Three through Eight. Plaintiffs argue Rudd and Towery are not entitled to qualified immunity at the pre-discovery stage and that the Complaint satisfies Rule 8 and the requirements of *Iqbal*.

A. <u>The Law</u>

1. **Rule 12(b)(6) Standard**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be specific enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*).

In ruling on a 12(b)(6) motion, the District Court may not consider new facts alleged in plaintiff's opposition papers. See *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1988). Even if not considered in determining the sufficiency of the pleading, new facts in plaintiff's opposition papers should be considered by the court in deciding whether to grant leave to amend or to dismiss with or without prejudice. *Orion Tire Corp. v. Goodyear Tire & Rubber Co. Inc.*, 268 F.3d 1133, 1137 (9th Cir. 2001).

## 2. Liability of Government Officials: The Relationship between § 1983, *Bivens*, and the *Westfall* Act

Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by government officials. *See, e.g., Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). Under § 1983, individuals acting under color of *state* law are liable for deprivations of any right or privileges secured by the Constitution and federal laws. 42 U.S.C. § 1983. "Federal officers acting under federal authority are immune from suit under § 1983 unless the state or its agents significantly participated in the challenged activity." *Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir. 1986).

Federal officers are still liable for deprivations of constitutional rights. *Bivens* actions are the judicially crafted counterpart to § 1983. *Id.* at 1341. *Bivens* actions enable victims to sue individual federal officers for damages resulting from violations of Constitutional rights. *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). To prevail on a *Bivens* claim, the plaintiff must show (1) they were deprived of a right secured by the Constitution, and (2) the defendant acted under color of federal law. *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003).

Unlike § 1983 and *Bivens* actions, which concern constitutional claims, the *Westfall* Act concerns the tort liability of individual federal employees. Congress enacted the *Westfall* Act for the purpose of "protect[ing] Federal employees from personal liability for common law torts committed within the scope of their employment." Pub. L. No. 100-694, § 2(b) (1988). Once the Attorney General certifies that a defendant federal employee acted within the scope of employment, the tort action "shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

The *Westfall* Act provides that a claim against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, is the "exclusive" remedy for plaintiffs seeking to

recover damages from the "negligent or wrongful act or omission of any employee of the Government . . . acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). For these Motions, it is important to note the FTCA bars claimants from bringing suit in federal court until they have exhausted administrative remedies. *McNeil v. United* States, 508 U.S. 106, 112 (1993); 28 U.S.C § 2675(a). Thus, plaintiffs suing federal employees for tort violations may have their case dismissed if they have not taken their claim to the appropriate federal agency.

### 3. Qualified Immunity

Pursuant to the qualified immunity doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In the face of a qualified immunity defense, the Court must determine (1) whether a constitutional right would have been violated on the facts alleged, taken in the light most favorable to the party asserting the injury, and (2) whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

### B. Analysis

#### 1. The § 1983 Claims in Count One are DISMISSED Because Rudd and Towery are Federal Actors.

There is no valid basis for a claim under § 1983 against federal officials acting under color of federal law. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). According to the TAC, Towery and Rudd acted within the scope of their duties as civilian employees of the Army (TAC ¶¶ 1.15-1.16) so they acted under color of federal law. In their Responses to these Motions, Plaintiffs change their mind and argue Rudd and Towery were state actors because they

acted "on behalf of" and or "in concert with" a state or municipal entity. (Pls.' Resp. to Rudd, Dkt. #96, p. 14.) That is not what the TAC says and this Court will not consider new facts alleged in Plaintiff's opposition papers. *Schneider*, 151 F.3d at 1197 n. 1. Plaintiffs may not flip-flop to retain every conceivable remedy. All § 1983 claims against Defendants Rudd and Towery are **DISMISSED**.

### 2. Counts Three through Eight are DISMISSED Pursuant to the *Westfall* Act and the FTCA.

The *Westfall* Act provides that the FTCA is the exclusive remedy for plaintiffs seeking to recover damages from the negligent or wrongful act of government employees acting within the scope of employment. 28 U.S.C. § 2679(b)(1). Pursuant to the Act, specifically 28 U.S.C. § 2679(d)(2), this Court entered an Order substituting the United States as the proper defendant for Towery and Rudd for any claims against each individual based on the Washington State Constitution or sounding in common law tort. [Dkt. #82.] The United States was dismissed from this action in an Order dated 1/27/11 and the Court ruled "all claims brought under the Washington State Constitution or sounding in common law tort are dismissed as to . . . John Towery, and Thomas Rudd." [Dkt. #88.]

Plaintiffs filed a Motion for Reconsideration [Dkt. #90] of the 1/27/11 Order. Plaintiffs cling to the argument that Towery and Rudd were state actors in an effort to retain the state law and tort claims in Counts Three through Eight. For the reasons stated earlier, the Court rejects that argument. Any federal constitutional claims remaining from Counts Three through Eight as to Rudd and Towery will be treated as *Bivens* claims and addressed in the next section of this Order. To repeat, all claims brought under the Washington State Constitution or sounding in common law tort are **DISMISSED** as to Towery and Rudd. Plaintiffs' Motion for Reconsideration of the 1/27/11 Order is **DENIED**.

ORDER - 8

**3. The Motions to Dismiss the First and Fourth Amendment *Bivens* Claims in Count Nine are DENIED Because Defendants are Not Entitled to Qualified Immunity and Plaintiffs' Complaint Satisfies Rule 8 and *Iqbal*.**

**a.   Rudd and Towery are not entitled to qualified immunity.**

Defendants argue they are entitled to qualified immunity before the commencement of discovery because Plaintiffs did not specifically allege violations of constitutional rights, and even if they did, the constitutional rights were not clearly established. Elaborating briefly on the TAC, Plaintiffs respond they have specifically alleged violations of the First, Fourth, Fifth, Sixth and Fourteenth Amendments. (Pls.' Resp. to Towery, Dkt. #94, pp. 22-23.)

Plaintiffs manage to allege Defendants knowingly violated their First Amendment rights. To demonstrate a First Amendment violation, a plaintiff must show (1) the defendant deterred the plaintiff's speech, and (2) such deterrence was a substantial or motivating factor in defendant's conduct. *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999). Qualified immunity will not protect officials from knowing violations of the law. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Plaintiffs allege Rudd and Towery disrupted PMR's activities because they did not like the content of their speech. The next section of this Order addresses the conclusory language used by Plaintiffs. For now, it is enough to say the TAC, taken as a whole and in the light most favorable to Plaintiffs, alleges Defendants intentionally deterred Plaintiffs' speech because Defendants disagreed with the content of PMR's message.

Plaintiffs also manage to allege Defendants knowingly violated their Fourth Amendment rights. The alleged violations refer to deceptive infiltration of the PMR and the breaking of the listserv security.[1] The deceptive infiltration probably did not violate the Fourth Amendment

---

[1] Any claim that excessive force was used by police does not state a Fourth Amendment claim against Rudd or Towery because neither participated in the arrests. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 971 (motion to dismiss granted where plaintiffs failed to allege how actions of Secret Service agents in directing local police to

ORDER - 9

because the government may use undercover agents when investigating suspected illegal activity. *See Sorrells v. United States*, 287 U.S. 435, 441-42 (1932). Nevertheless, because Rule 12(b)(6) motions are disfavored, *Brown v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003), and cases should generally be decided on the merits, this Court will not dismiss the Fourth Amendment claim at the pleading stage. This issue needs to be more fully addressed with evidentiary input from the Plaintiffs. Defendants' Motions for dismissal under qualified immunity is **DENIED** as to Plaintiffs' First and Fourth Amendment claims.

Plaintiffs fail to allege Defendants violated Plaintiffs' Fifth Amendment rights. Plaintiffs claim they were deprived of liberty without due process through entrapment. (TAC ¶ 2.7; Pls.' Resp. to Towery, Dkt. #94, p. 22.) Plaintiffs' claim of entrapment cannot be a Fifth Amendment violation because entrapment is a defense "not of a constitutional dimension." *United States v. Russell*, 411 U.S. 423, 433 (1973). Any Fifth Amendment claims against Defendants Towery and Rudd are **DISMISSED**.

Plaintiffs fail to allege Defendants violated Plaintiffs' Sixth Amendment rights. Once adversarial judicial proceedings begin, the Sixth Amendment right to counsel attaches. *Moran v. Burbine*, 475 U.S. 412, 428 (1986). Once the Sixth Amendment right attaches, the government may not elicit incriminating information from an accused regarding crimes charged. *Massiah v. United States*, 377 U.S. 201 (1964) (violation of Sixth amendment occurred where police used covert means to elicit incriminating evidence against defendant after defendant had been charged). Plaintiffs allege Defendants "influenced and directed" the joining of a confidential privileged attorney-client listserv for the Defense team of a related criminal case. (TAC ¶ 2.6.) Plaintiffs fail to identify this criminal case and which, if any, plaintiffs were involved. The TAC

---

move protestors had any connection to how the local police carried out the directive). *See Also* Order upon Def. Colvin's Motion to Dismiss, 1/28/11, Dkt. #101, p. 13-14).

says only this misconduct "caused harm to individuals who will be named in an amended complaint to be filed later this year." (TAC ¶ 2.10.) Plaintiffs fail to identify any individuals who suffered a Sixth Amendment violation. Plaintiffs fail to allege Towery or Rudd elicited any information from a charged criminal defendant in violation of *Massiah.* Thus, any Sixth Amendment claims against Defendants Towery and Rudd are **DISMISSED**.

The Fourteenth Amendment applies to state actors. U.S. Const. amend. XIV, § 1. *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n. 21 (1987). The Fourteenth Amendment Claim is **DISMISSED** because Defendants are not state actors.

### b. Plaintiffs' First and Fourth Amendment *Bivens* Claims satisfy Rule 8 and *Iqbal*.

Defendants argue the Complaint should be dismissed because the Complaint lacks specific factual details, contains conclusory assertions, does not plausibly claim an impermissible motive, and does not plausibly claim other constitutional violations.[2] Plaintiffs disagree with these arguments. Both sides quote extensively and selectively from *Twombly*, *Iqbal*, and the TAC for support.

The Court has concluded the Complaint alleges knowing violations of the Constitution well enough to withstand a claim of qualified immunity. For the same reasons, the Court concludes there are specific factual details in the Complaint plausibly giving rise to First and Fourth Amendment violations.

Defendant Rudd makes two other arguments worth discussion. First, Rudd argues Plaintiffs' assertions are conclusory. In *Iqbal*, the Supreme Court set out a two-pronged approach for reviewing the sufficiency of a complaint in the face of a 12(b)(6) motion. 129 S. Ct. 1937,

---

[2] Defendants also claim that *Bivens* Actions cannot redress first amendment violations. (Def. Rudd's Mot., Dkt. #76 pp. 21-22.) This is false and not worth discussion. *Bivens* authorizes First Amendment damages claims. *Gibson v. United States*, 781 F.2d 1334, 1342 (9th Cir. 1986).

1950. First the Court may identify those statements in a complaint that are actually legal conclusions even if presented as factual allegations. *Id*. Such conclusory statements are not entitled to the presumption of truth. *Id*. Second, the Court presumes the truth of any remaining well-pleaded factual allegations and determines whether these allegations and reasonable inferences from them plausibly support a claim for relief. *Id*.

Here, the allegation Plaintiffs were harmed because Defendants "did not like the content of the speech" is a legal conclusion not entitled to the presumption of truth. Yet, as a whole, the Complaint establishes that PMR was a vocal opponent of military policies and its members actively exercised their First Amendment rights. Accepting the facts in the TAC as true, it is not unreasonable to infer Defendants targeted PMR for the content of their speech. Thus, when reasonable inferences are drawn from the Complaint as a whole, a plausible claim of a First Amendment violation exists.

Second, Rudd argues Plaintiffs fail to allege sufficient facts to state a plausible claim that Defendants acted with the "impermissible motive" necessary to establish a First Amendment violation. In *Iqbal*, the Complaint was dismissed in part because it did "not contain any factual allegation sufficient to plausibly suggest petitioners' discriminatory state of mind." *Id*. at 1952. Rudd argues "[t]he same is true here. Plaintiffs allege no facts that suggest that Rudd had a discriminatory state of mind." (Def. Rudd's Mot., Dkt. #76, p. 11.)

In *Iqbal*, the Supreme Court decided it was not plausible Directors of the FBI and Department of Justice acted with impermissible motives in establishing policies for the detention of suspected terrorists. Here, Rudd and Towery are not nearly as separated from the alleged constitutional harms as the defendants in *Iqbal*. Plaintiffs allege Army employees took specific actions that violated their rights such as illegal infiltration of PMR meetings and facilitation of

false arrests. When reasonable inferences are drawn from the Complaint as a whole, there is a plausible claim Rudd and Towery acted upon an impermissible motive.

The Fourteenth Amendment Claim in Count Nine is **DISMISSED** because Defendants are not state actors. The Fifth Amendment Claim is **DISMISSED** because entrapment is not a Fifth Amendment violation. The Sixth Amendment Claim is **DISMISSED** because Plaintiffs failed to allege a Sixth Amendment violation. The Motions to Dismiss the First and Fourth Amendment *Bivens* Claims in Count Nine are **DENIED** because the Defendants are not entitled to qualified immunity at this time and Plaintiffs' Complaint satisfies Rule 8 and *Iqbal*.

**3. Any Claims for Injunctive Relief Against Rudd and Towery are DISMISSED.**

Plaintiffs sued Rudd and Towery in their individual capacity. Injunctive and equitable relief is not available in individual capacity suits. *Wolfe v. Straijman*, 392 F.3d 358, 360 n. 2 (9th Cir. 2004). Thus, any claims for injunctive relief against Rudd and Towery are **DISMISSED**.

**4. Any Claim Rudd or Towery Violated the Posse Comitatus Act is DISMISSED Because the Act Does Not Provide for a Private Right of Action.**

The PCA is a criminal statute and does not authorize a civil cause of action. See *Lamont v. Haig*, 539 F. Supp. 553, 558-59 (D.S.D. 1982); *Miale v. Tuolumme County Sheriff's Dept'.*, 2009 WL 3073922, *5 (E.D. Cal. 2009). Plaintiffs concede this point. (Pls.' Resp. to Towery, Dkt. #94, pp. 25-26.) Any claim Defendants violated the PCA is **DISMISSED**.

**5. Defendant Towery's Request for a More Definite Statement is DENIED.**

A Rule 12(e) motion is proper where the complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response. R. Civ. P. 12(e). Rule 12(e) motions are not meant to resolve fact-sensitive disputes. Such matters should be left for summary judgment after full discovery. *See One Industries, LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1160 (9th Cir. 2009). Although poorly drafted, the TAC is specific enough for Towery to prepare a

response now that this Order has narrowed Plaintiffs' claims. Towery's request for a more definite statement is **DENIED**

## CONCLUSION

Plaintiffs' Third Amended Complaint is confusing. Plaintiffs' opposition papers do little to clarify facts and demonstrate misunderstandings of the law. Nevertheless, some of the allegations manage to raise legitimate constitutional concerns.

Plaintiffs may bring a *Bivens* action against Defendants Towery and Rudd for First and Fourth Amendment violations of the U.S. Constitution. Plaintiffs' Third Amended Complaint, taken as a whole, alleges facts sufficient to constrain this Court from granting qualified immunity at this time. For the same reasons, the Complaint, as narrowed by this Order, satisfies Rule 8 and *Iqbal*.

It is therefore **ORDERED:**

(1) Defendant Towery and Rudd's Motions to Dismiss Pursuant to Rule 12(b)(6) [Dkt. #76, 78] are **GRANTED IN PART AND DENIED IN PART**;

(2) The § 1983 Claims in Count One are **DISMISSED** Because Rudd and Towery are Federal Actors;

(3) Counts Three through Eight are **DISMISSED** Pursuant to the *Westfall* Act and FTCA;

(4) Plaintiffs' Motion for Reconsideration of the 1/27/11 Order [Dkt. #90] is **DENIED**;

(5) The Fifth Amendment Claim in Count Nine is **DISMISSED** because entrapment is not a Fifth Amendment violation;

(6) The Sixth Amendment Claim in Count Nine is **DISMISSED** because Plaintiffs failed to allege a Sixth Amendment violation;

(7) The Fourteenth Amendment Claim in Count Nine is **DISMISSED** because Defendants are not state actors;

(8) The Motions to Dismiss the *Bivens* Claims as to the First and Fourth Amendments in Count Nine are **DENIED** because Defendants are not entitled to qualified immunity and Plaintiffs' Complaint satisfies Rule 8 and *Iqbal*;

(9) Any Claims for Injunctive Relief Against Rudd and Towery are **DISMISSED** because Injunctive Relief is not available in individual capacity suits;

(10) Any claim Rudd or Towery violated the Posse Comitatus Act is **DISMISSED** because the Act does not provide for a private right of action; and

(11) Defendant Towery's Request for a More Definite Statement is **DENIED** because the TAC, as modified by this Order, is specific enough to allow Towery to respond.

**IT IS SO ORDERED.**

Dated this 24th day of May, 2011.

　　　　　　　　　　　　　　　　　　　　
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 15