# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIANNE PANAGACOS, ANDREA ROBBINS, JULIA GARFIELD CHRISGRANDE, BRENDAN DUNN, GLENN CRESPO, JEFFERY BERRYHILL,<br><br>         Plaintiffs,<br><br>v.<br><br>JOHN J. TOWERY;THOMAS R. RUDD CITY OF OLYMPIA TOR BJORNSTAD, Individually and in his Official Capacity as a COMMANDER of the OLYMPIA POLICE DEPARTMENT; PAUL LOWER, individually and in his Official Capacity as a DETECTIVE of the OLYMPIA POLICE | ) NO. 3:10-cv-5018 RBL<br>)FOURTH AMENDED<br>)COMPLAINT FOR VIOLATIONS OF<br>)CIVIL RIGHTS: VIOLATION OF FIRST<br>)FOURTH, FIFTH AND FOURTEENTH<br>)AMENDMENT RIGHTS; VIOLATION<br>) OF WA CONSTITUTION (Art.1 §§ 5 & 7),<br>) ASSAULT, INTENTIONAL INFLICTION OF<br>) EMOTIONAL DISTRESS<br>)<br>) ACTION PURSUANT TO BIVENS<br>)<br>) <u>JURY TRIAL DEMANDED</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>Panagacos v. Towery</u>, et al-FOURTH AMENDED Complaint

LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

1

DEPARTMENT; JEFF HERBIG,            )
individually and in his Official        )
Capacity as a DETECTIVE of the       )
OLYMPIA POLICE DEPARTMENT;           )
STEVE NELSON, individually and in     )
his Official Capacity as a              )
COMMANDER of the OLYMPIA             )
POLICE DEPARTMENT; PAUL              )
JOHNSON, individually and in          )
his Official Capacity as a SERGEANT   )
of the OLYMPIA POLICE                 )
DEPARTMENT; JAMES COSTA,              )
individually and in his Official        )
Capacity as a SERGEANT of the        )
OLYMPIA POLICE DEPARTMENT;           )
CATHIE BUTLER individually and in     )
her Official Capacity as the           )
COMMUNICATIONS DIRECTOR OF           )
THE CITY OF OLYMPIA; STEVE HALL     )
individually and in his Official        )
Capacity as the CITY MANAGER of      )
the CITY OF OLYMPIA, GARY            )
MICHEL, Individually and in his        )
capacity as the CHIEF of the          )
OLYMPIA POLICE  DEPARTMENT,          )
CITY OF TACOMA,                      )
GARY SMITH, Individually and in his   )
capacity as a LIEUTENANT of the       )
TACOMA POLICE  DEPARTMENT,           )
MARK FEDDERSON, Individually and    )
in his capacity as a LIEUTENANT of    )
the TACOMA POLICE DEPARTMENT,       )
JAMES BARRETT, individually  and     )
in his capacity as a SERGEANT of      )
TACOMA POLICE DEPARTMENT;            )
ALAN ROBERTS,   individually and in   )
his Official Capacity as a             )
LIEUTENANT of the TACOMA POLICE)
DEPARTMENT;                          )
CHRIS ADAMSON, Individually and      )
 in his capacity as the DIRECTOR      )
 of REGIONAL INTELLIGENCE           )
GROUP 5 OF THE WASHINGTON,           )

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                    2
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

**FUSION CENTER, in his capacity as )**
**DIRECTOR of THE SOUTH SOUND )**
**REGIONAL INTELLIGENCE GROUP )**
**OF THE WASHINGTON FUSION )**
**CENTER, and in his capacity as a )**
**LIEUTENANT of the PIERCE COUNTY )**
**SHERIFF'S OFFICE, PIERCE )**
**COUNTY SHERIFF'S OFFICE, )**
**THE WASHINGTON FUSION CENTER )**
**DOES 1-500, )**
                                                     **)**
                       **Defendants. )**
_____ **)**

JULIANNE PANAGACOS, ANDREA ROBBINS, JULIA GARFIELD, CHRIS GRANDE,
BRENDAN DUNN, GLENN CRESPO, and JEFFERY BERRYHILL, the Plaintiffs herein,
by and through their attorney, allege as follows:

## I. JURISDICTION

1.  This court has jurisdiction over the subject matter of this action pursuant to

Title 28, United States Code Sections 1331, 1332, 1343, and 1367, and venue is

properly set in the Western District Federal Court pursuant to 28 U.S.C. 1391.

2.  The claims upon which this suit is based occurred in this judicial district.

3.  Plaintiffs are informed and believe, and on that basis allege, that each of the

named Defendants reside in this judicial district.

4.  Plaintiffs file this complaint in accordance with the court's order.  Plaintiffs may

move to amend this case again as new facts are revealed.

## II. PARTIES

1.1 Plaintiff JULIANNE PANAGACOS is a single woman residing primarily in

THURSTON COUNTY, within the WESTERN DISTRICT OF WASHINGTON.  Plaintiff

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

3

was the victim of a deliberate inter-governmental policy to spy on First Amendment protected activity and to make pre-emptive arrests to quash dissent and prevent possible peaceful civil disobedience before it had occurred.  This was part of a tactic of deliberate false arrests and imprisonments, excessive force, malicious prosecution, and other forms of brutality and humiliation to disrupt a series of demonstrations based on the content of the protest, to try and forcibly coerce the participants in those demonstrations to abandon the exercise of their First Amendment rights.  She suffered violations of her First, Fourth, Fifth, and Fourteenth Amendment rights.

1.2 Plaintiff ANDREA ROBBINS is a single woman residing primarily in Mo9ntreal Canada and who resided primarily in THURSTON COUNTY, within the WESTERN DISTRICT OF WASHINGTON.  Plaintiff was the victim of a deliberate inter-governmental policy to spy on First Amendment protected activity and to make pre-emptive arrests to quash dissent and prevent possible peaceful civil disobedience before it had occurred.  This was part of a tactic of deliberate false arrests and imprisonments, excessive force, malicious prosecution, and other forms of brutality and humiliation to disrupt a series of demonstrations based on the content of the protest, to try and forcibly coerce the participants in those demonstrations to abandon the exercise of their First Amendment rights.  She suffered violations of her First, Fourth, Fifth, and Fourteenth Amendment rights.

1.3 Plaintiff JULIA GARFIELD is a single woman residing primarily in Illinois.  At the time of the incidents described herein, she resided primarily in THURSTON COUNTY, within the WESTERN DISTRICT OF WASHINGTON.  Plaintiff was the victim

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs
4

of a deliberate inter-governmental policy to spy on First Amendment protected activity and to make pre-emptive arrests to quash dissent and prevent possible peaceful civil disobedience before it had occurred.  This was part of a tactic of deliberate false arrests and imprisonments, excessive force, malicious prosecution, and other forms of brutality and humiliation to disrupt a series of demonstrations based on the content of the protest, to try and forcibly coerce the participants in those demonstrations to abandon the exercise of their First Amendment rights.  She suffered violations of her First, Fourth, Fifth, and Fourteenth Amendment rights.

   1.4 Plaintiff CHRIS GRANDE is a single man residing primarily in THURSTON COUNTY, within the WESTERN DISTRICT OF WASHINGTON.  Plaintiff was the victim of a deliberate inter-governmental policy to spy on First Amendment protected activity and to make pre-emptive arrests to quash dissent in anticipation of potential civil disobedience that had not occurred.  This was part of a tactic of deliberate false arrests and imprisonments, excessive force, malicious prosecution, and other forms of brutality and humiliation to disrupt a series of demonstrations based on the content of the protest, to try and forcibly coerce the participants in those demonstrations to abandon the exercise of their First Amendment rights.  He suffered violations of her First, Fourth, Fifth, and Fourteenth Amendment Rights.

   1.5 Plaintiff BRENDAN DUNN is a single man residing primarily in UTICA, NEW YORK. At the time of most of the incidents discussed in this complaint, Plaintiff DUNN resided primarily in THURSTON COUNTY, within the WESTERN DISTRICT OF WASHINGTON.  Plaintiff was the victim of a deliberate inter-governmental policy to spy

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                    5
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

on First Amendment protected activity that focused on him, organizations, and movements that he was a part of.  This resulted in breaches of his state and federal privacy rights, breaches of his Sixth Amendment right to private discussions with counsel during a criminal trial, as well as false arrests, citations, and detentions, and deliberate attacks on his home and household.  This was part of a tactic of deliberate false arrests and imprisonment, harassment, intimidation, excessive force, malicious prosecution, and other forms of brutality and humiliation to disrupt a series of demonstrations based on the content of the protest, to try and forcibly coerce the participants in those demonstrations to abandon the exercise of their First Amendment rights.  He suffered violations of his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights.

    1.6 Plaintiff GLENN CRESPO is a single man residing primarily in CALIFORNIA. At the time of the incidents herein described, he resided primarily in PIERCE COUNTY, within the WESTERN DISTRICT OF WASHINGTON.  Plaintiff was the victim of a deliberate inter-governmental policy to spy on First Amendment protected activity that focused on him, organizations, and movements that he was a part of.  This resulted in breaches of his state and federal privacy rights, breaches of his Sixth Amendment right to private discussions with counsel, as well as false arrests, citations, and detentions, and deliberate attacks, and unlawful surveillance and spying on his home and household.  This was part of a tactic of deliberate false arrests and imprisonment, harassment, intimidation, excessive force, malicious prosecution, and other forms of brutality and humiliation to disrupt a series of demonstrations based on the content of

Panagacos v. Towery, et al-FOURTH AMENDED Complaint

LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

6

the protest, to try and forcibly coerce the participants in those demonstrations to abandon the exercise of their First Amendment rights.  He suffered violations of his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights.

1.7 Plaintiff JEFFERY BERRYHILL is a single man residing primarily in THURSTON COUNTY, within the WESTERN DISTRICT OF WASHINGTON.  Plaintiff was the victim of a deliberate inter-governmental policy to spy on First Amendment protected activity that focused on him, organizations, and movements that he was a part of.  This resulted in breaches of his state and federal privacy rights, breaches of his Sixth Amendment right to private discussions with counsel during a criminal trial, as well as false arrests, citations, and detentions, and deliberate attacks on his home and household.  This was part of a tactic of deliberate false arrests and imprisonment, harassment, intimidation, excessive force, malicious prosecution, and other forms of brutality and humiliation to disrupt a series of demonstrations based on the content of the protest, to try and forcibly coerce the participants in those demonstrations to abandon the exercise of their First Amendment rights.  He suffered violations of his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights.

1.8 Defendant JOHN TOWERY upon information and belief resides in PIERCE County within the Western District of Washington State.  Upon belief, JOHN TOWERY was at the time of the injuries complained of in this complaint, a CIVILIAN employee and/or agent of the US ARMY FORCE PROTECTION DIVISION at FT. LEWIS, WA (hereinafter identified as FORCE PROTECTION) acting within the scope of his duties, though illegally under U.S. Law.   Defendant Towery, under orders and with the

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                    7
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

Direction of Defendant THOMAS RUDD and, *to a lesser extent* others, INCLUDING, BUT NOT LIMITED TO DEFENDANT CHRIS ADAMSON and the WASHINGTION FUSION Center  as a state actor,, and others, identity as yet unknown, infiltrated Port Militarization Resistance  (an avowedly peaceful and nonviolent anti War Group based in Olympia, WA), and other groups in that area, by lying about his affiliations and purposes, and falsely identifying himself for the purpose of spying on their meeting and activities, disrupting those activities, and identifying individuals and groups of individuals to be arrested and/or targeted despite their lack of actual illegal activity. These groups and individuals were targeted specifically because the Army, Coast Guard, local law enforcement including the Olympia and Tacoma Police Departments, the Washington Fusion Center (then called the Washington Joint Analytical Center) and other agencies, did not like the content of the speech involved.

      1.9 Defendant THOMAS R. RUDD, upon information and belief resides in PIERCE COUNTY within the WESTERN DISTRICTOF WASHINGTON.  Upon belief, Defendant RUDD is and was at the time of the injuries complained of in this complaint, a CIVILIAN employee and/or agent of the U.S. ARMY FORCE PROTECTION DIVISION at FT. LEWIS, WA (hereinafter identified as FORCE PROTECTION) acting within the scope of his duties, though illegally under U.S. Law.   Defendant RUDD, and others as yet unknown, directed Towery to infiltrate Port Militarization Resistance  (an avowedly peaceful and nonviolent anti-war group based in Olympia, WA), and other groups in that area, by lying about his affiliations and purposes, and falsely identifying himself for the purpose of spying on their meetings and activities, disrupting those activities, and

Panagacos v. Towery, et al-FOURTH AMENDED Complaint

LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

8

identifying individuals and groups of individuals to be arrested and/or targeted despite their lack of actual illegal activity. These groups and individuals were targeted specifically because the Army, Coast Guard, local law enforcement including the Olympia and Tacoma Police Departments, and other agencies, had antipathy to the content of the speech involved.  Rudd took Towery's information, and that of others engaged in illegal surveillance, spying, and searches and seizures, and produced memoranda, Force Protection Reports, and Threat Assessments as if these peaceful anti-war protestors were a hostile military force, which were disseminated to various military,  federal, state, and local officials and law enforcement officers in order to disrupt their First Amendment protected free expression and free associational activities.  These groups and individuals were targeted specifically because the Army, Coast Guard, local law enforcement including the Olympia and Tacoma Police Departments, and other agencies, disapproved of the content of the speech involved.

   1.10 Former Defendant CLINT COLVIN, upon information and belief resides in PIERCE COUNTY within the WESTERN DISTRICT OF WASHINGTON. Upon belief, Defendant COLVIN is and was at the time of the injuries complained of in this complaint, an employee and/or agent of the U.S. COAST GUARD INVESTIGATIVE SERVICE (hereinafter identified as CGIS) acting within the scope of his duties, though illegally under U.S. Law.   Defendant COLVIN, and others as yet unknown, either directly infiltrated and spied on Port Militarization Resistance  (an avowedly peaceful and nonviolent anti-war group based in Olympia, WA), and other groups in that area, by lying about his affiliations and purposes, and falsely identifying himself for the purpose

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

9

of spying on their meetings and activities, disrupting those activities, and identifying

individuals and groups of individuals to be arrested and/or targeted despite their lack of

actual illegal activity, or directed other, younger members or employees of the CGIS to

do so and then supervised those individuals. Former Defendant COLVIN is and was

also on the dissemination lists of Rudd's Force Protection memoranda, Threat

Assessments, and other reports, and was responsible for providing material therefor.

Rudd took Colvin's information, and that of others engaged in illegal surveillance,

spying, and searches and seizures and produced memoranda, Force Protection

Reports, and Threat Assessments as if these peaceful anti-war protestors were a

hostile military force, which were disseminated to various military, federal, state, and

local officials and law enforcement officers in order to disrupt their First Amendment

protected free expression and free associational activities.  These groups and

individuals were targeted specifically because the Army, Coast Guard, local law

enforcement including the Olympia and Tacoma Police Departments, and other

agencies, disapproved of the content of the speech involved.  Colvin also directly

participated in arrests of Plaintiffs and others.

     1.11Defendant TOR BJORNSTAD upon belief resides in THURSTON COUNTY

within the WESTERN DISTRICTOF WASHINGTON.  Upon knowledge and belief,

Defendant BJORNSTAD is and was at the time of the injuries complained of in this

complaint, a commander of the OLYMPIA POLICE DEPARTMENT (hereinafter

identified as OPD) acting within the scope of his duties.   Defendant BJORNSTAD was

a recipient of the Force Protection Memoranda, Threat Assessments, and other writings

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                              10
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

prepared by Rudd.  He met and planned strategy with Towery and Colvin, as well as

other individuals and agencies.  That strategy was designed to silence the participants

in dissent against the wars in Iraq and Afghanistan and to disrupt their demonstrations.

By agreement, Defendant BJORNSTAD acted to order and make preemptive arrests of

individuals who had not committed any illegal acts in anticipation that they might do so,

ordered attacks using less lethal weapons on peaceful individuals who had violated no

law, generally  for the purpose of harassing, disrupting, and chilling the First

Amendment rights of Plaintiffs and all participants in a series of lawful, protected

protests against the use of the Port of Olympia for military shipments, solely because

they and the Department, as well as other agencies had antipathy to the content of the

speech involved most, if not all, of these Plaintiffs were arrested on orders given by

Defendant BJORNSTAD.  In addition, Defendants BJORNSTAD and NELSON also

placed undercover officers to illegally spy on and disrupt Plaintiffs, and other peaceful

First Amendment protected activity.

     1.12 Defendant STEVE NELSON upon belief resides in THURSTON COUNTY

within the WESTERN DISTRICTOF WASHINGTON.  Upon knowledge and belief,

Defendant NELSON is, and was at the time of the injuries complained of in this

complaint, a commander of the OLYMPIA POLICE DEPARTMENT (hereinafter

identified as OPD) acting within the scope of his duties.   Defendant NELSON worked in

partnership with Bjornstad, and also was a recipient of the Force Protection

Memoranda, Threat Assessments, and other writings prepared by Rudd. NELSON met

and planned strategy with Towery and Colvin, as well as other individuals and agencies.

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                              11
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

That strategy was designed to silence the participants in dissent against the wars in Iraq and Afghanistan and disrupt their demonstrations. By agreement, Defendant NELSON acted to order and make preemptive arrests of individuals who had not committed any illegal acts in anticipation that they might do so, ordered attacks using less lethal weapons on peaceful individuals who had violated no law, generally  for the purpose of harassing, disrupting, and chilling the First Amendment rights of Plaintiffs and all participants in a series of lawful, protected protests against the use of the Port of Olympia for military shipments, solely because they and the Department, as well as other agencies because of his and their antipathy to the content of the speech involved. Most, if not all, of these Plaintiffs were arrested on orders given by Defendant BJORNSTAD and Defendant NELSON.  In addition, Defendants BJORNSTAD and NELSON also placed undercover officers to illegally spy on and disrupt Plaintiffs, and other peaceful First Amendment protected activity.

    1.13 Defendant PAUL LOWER upon belief resides in THURSTON COUNTY within the WESTERN DISTRICT OF WASHINGTON.  Upon knowledge and belief, Defendant LOWER is and was at the time of the injuries complained of in this complaint, an employee and/or agent of the OLYMPIA POLICE DEPARTMENT (hereinafter identified as OPD) acting within the scope of his duties.   At the time of these incidents, Defendant LOWER was a DETECTIVE of the OLYMPIA POLICE DEPARTMENT.  He is, based on information and belief, now a SERGEANT of the OLYMPIA POLICE DEPARTMENT. Defendant LOWER was involved in illegal spying on and surveillance of Plaintiffs and others, illegal gathering of protected information, and deliberate

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                         12
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

destruction of evidence that would have been exculpatory for criminal Defendants who were -illegally arrested during the period of illegal spying and surveillance

1.14 Defendant JEFF HERBIG upon belief resides in THURSTON COUNTY within the WESTERN DISTRICTOF WASHINGTON.  Upon knowledge and belief, Defendant HERBIG is and was at the time of the injuries complained of in this complaint, a DETECTIVE of the OLYMPIA POLICE DEPARTMENT (hereinafter identified as OPD) acting within the scope of his duties.  Defendant HERBIG was involved in illegal spying on and surveillance of Plaintiffs and others, illegal gathering of protected information, and illegal harassment of Plaintiffs and others, and deliberate concealment of evidence that would have been exculpatory for criminal Defendants who were illegally arrested during the period of illegal spying and surveillance.

1.15 Defendant PAUL JOHNSON upon belief resides in THURSTON COUNTY within the WESTERN DISTRICTOF WASHINGTON.  Upon knowledge and belief, Defendant JOHNSON is and was at the time of the injuries complained of in this complaint, a SERGEANT of the OLYMPIA POLICE DEPARTMENT (hereinafter identified as OPD) acting within the scope of his duties.   Defendant JOHNSON was involved in illegal spying on and surveillance of Plaintiffs and others, illegal gathering of protected information, and illegal harassment of Plaintiffs and others. Johnson initiated and participated in extensive battery, false arrest, excessive use of chemical agents and other less lethal weapons, and other calculated unlawful activity designed to inflict pain and humiliation and otherwise disrupt, prevent, and chill Plaintiffs' and others 'First Amendment protected activity solely because they and the Department, as well as other

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                      13
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

agencies had antipathy to the content of the speech involved.

1.16 Defendant JAMES COSTA upon belief resides in THURSTON COUNTY within the WESTERN DISTRICTOF WASHINGTON.  Upon knowledge and belief, Defendant COSTA is and was at the time of the injuries complained of in this complaint, a LIEUTENANT of the OLYMPIA POLICE DEPARTMENT (hereinafter identified as OPD) acting within the scope of his duties.  Defendant COSTA was involved in illegal spying on and surveillance of Plaintiffs and others, illegal gathering of protected information, and illegal harassment of Plaintiffs and others. Defendant COSTA initiated and participated in extensive battery, false arrest, excessive use of chemical agents and other less lethal weapons, and other calculated unlawful activity designed to inflict pain and humiliation and otherwise disrupt, prevent, and chill Plaintiffs' and others 'First Amendment protected activity solely because they and the Department, as well as other agencies disapproved of the content of the speech involved.  In addition, Defendant COSTA gave the false pretextual dispersal orders that led to the arrests of many of these Defendants despite the fact that they were not engaged in any illegal activity and used those dispersal orders and the subsequent arrests as a preemptive strike to get Plaintiffs and others off the street and away from the demonstration so that they could not engage in any possible illegal activity in the future.

1.17 Defendant GARY MICHEL upon belief resides in THURSTON COUNTY within the WESTERN DISTRICTOF WASHINGTON.  Upon knowledge and belief, Defendant MICHEL was at the time of the injuries complained of in this complaint, an employee and/or agent of the OLYMPIA POLICE DEPARTMENT (hereinafter identified

Panagacos v. Towery, et al–FOURTH AMENDED Complaint
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

14

as OPD) as the CHIEF OF POLICE acting within the scope of his duties.  Defendant
MICHEL established policies designed to brutalize and intimidate Plaintiffs and others to
abandon their First Amendment Activity, not for any legitimate law enforcement purpose
but out of bias. He was involved in the planning of the preemptive arrests, spying and
other illegal surveillance, searches and seizures, excessive use of force, including
chemical agents and other less-lethal weapons, and other tactics and actions designed
and calculated to inflict great pain and humiliation on Plaintiffs and others, as well as
violating their Constitutional rights for the purpose of harassing, disrupting, and chilling
the First Amendment activity of Plaintiffs and all participants in a series of lawful,
protected protests against the use of the Port of Olympia for military shipments, solely
because they and the Department, as well as other agencies disapproved of the content
of the speech involved.

　　　1.18 Defendant CATHIE BUTLER, upon belief resides in THURSTON COUNTY
within the WESTERN DISTRICTOF WASHINGTON.  Upon knowledge and belief,
Defendant BUTLER is and was at the time of the injuries complained of in this
complaint, an employee and/or agent of the CITY OF OLYMPIA, as the CITY
COMMUNICATIONS MANAGER acting within the scope of her duties, albeit illegally.
Defendant BUTLER facilitated false mediation sessions designed as intelligence
gathering exercises for the CITY of OLYMPIA and infiltrated internal group listserves for
the purpose of gathering and relaying confidential information to OPD and the Olympia
City Manager, Defendant STEVE HALL, which she then carried out.  Defendant Butler
also engaged in other acts of illegal spying, surveillance, and Constitutionally violative

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                          15
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

behavior against Plaintiffs and others on behalf of Defendant City of Olympia and other entities and agencies.

1.19 Defendant STEVE HALL, upon belief resides in THURSTON COUNTY within the WESTERN DISTRICTOF WASHINGTON.  Upon knowledge and belief, Defendant HALL is and was at the time of the injuries complained of in this complaint, an employee and/or agent of the CITY OF OLYMPIA, as the CITY MANAGER acting within the scope of his duties, albeit illegally.  Defendant HALL organized, coordinated, and facilitated illegal spying, surveillance, and other illegal intelligence gathering against groups and individuals engaged in peaceful First Amendment protected protest and dissent by City police officers and civilian employees.  Defendant HALL, also acted to illegally obtain confidential documents belonging to participants in said First Amendment protected activity.  Defendant HALL also acted, through use of the police department under his supervision and the prosecutor's office under his supervision, though he was and is not a police officer or a prosecutor, or any other kind of attorney, to engage in specific harassment, false arrests, and malicious prosecution of selected activists, focusing on women and members of other specifically protected classes.  In addition, Defendant HALL has acted, with others, to deliberately conceal, destroy, and/or withhold crucial evidence of illegal conduct on the part of the City and its employees, and exculpatory evidence that could have resulted in dismissals and/or acquittals in criminal cases stemming from these demonstrations.

1.20 Defendant CITY OF OLYMPIA is a government entity in THURSTON COUNTY, which is governed and functions under the laws of the STATEOF

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                    16
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

WASHINGTON.  Defendant CITY OF OLYMPIA employs all of the named officers, supervisors and command personnel of the OLYMPIA POLICE DEPARTMENT and other police officers whose identities are as yet unknown, and of Cathie Butler, Steve Hall, and other employees whose identities are as yet unknown, who were involved in the illegal conduct and the harm alleged above and below, which were part of a specific policy and practice of the Police Department, from the highest levels thereof and the City of Olympia, from the highest levels thereof.

 1.21 Defendant UNITED STATES ARMY, is a United States government military agency, operating under the laws of the United States, based in Washington D.C., with the involved base of operations at Ft. Lewis, WA, located in PIERCE COUNTY, in the WESTERN DISTRICT OF WASHINGTON.  The ARMY, through its chain of command at Ft. Lewis, ordered Defendant RUDD to deploy Defendant TOWERY to carry out the illegal activities described in this complaint and others, and ordered Defendant RUDD to carry out his own illegal activities as described in this complaint and others not yet described by Plaintiffs.

 1.22  Defendant UNITED STATES NAVY, is a United States government military agency, operating under the laws of the United States, based in Washington D.C., with the involved base of operations at NAVY REGION NORTHWEST at Bremerton and Bangor, WA, located in KITSAP COUNTY, in the WESTERN DISTRICT OF WASHINGTON.  The NAVY, through its chain of command at Ft. Lewis ordered Defendant TOWERY as well as yet unknown personnel to carry out the illegal activities described in this complaint and others not yet described by Plaintiffs.

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                    17
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

1.23 Former Defendant UNITED STATES COAST GUARD, is a United States government military agency, operating under the laws of the United States, based in Washington D.C., with the involved base of operations at SEATTLE, WA, located in KING COUNTY, in the WESTERN DISTRICT OF WASHINGTON.  The COAST GUARD, through its chain of command ordered Former Defendant COLVIN and those under his supervision to carry out the illegal activities described in this complaint and others not yet described by Plaintiffs.

1.24 Defendant UNITED STATES AIR FORCE, is a United States government military agency, operating under the laws of the United States, based in Washington D.C., with the involved bases of operations at Joint Base Lewis-McChord, located in PIERCE COUNTY, in the WESTERN DISTRICT OF WASHINGTON, and at McGwire Air Force Base in NEW JERSEY, where the AIRFORCE maintained a taskforce specifically devoted to Port Militarization Resistance and Students for a Democratic Society.  The AIRFORCE, through its chain of command at Lewis-McChord, ordered Defendant TOWERY as well as yet unknown personnel to carry out the illegal activities described in this complaint and others not yet described by Plaintiffs, and exchanged illegally obtained information about Plaintiffs and their organizations for the purpose of chilling, disrupting, and suppressing their exercise of the First Amendment rights to free expression and freedom of association, as well as breaching their privacy.

1.25 Defendant CITY OF TACOMA is a government entity in PIERCE COUNTY, which is governed and functions under the laws of the STATE OF WASHINTON. Defendant CITY OF TACOMA employs all of the involved officers, supervisors and

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                    18
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

command personnel of the TACOMA POLICE DEPARTMENT and other police officers whose identities are as yet unknown, and of other employees whose identities are as yet unknown, who were involved in the illegal conduct and the harm alleged above and below, which were part of a specific policy and practice of the Police Department, from the highest levels thereof and the City of Tacoma, from the highest levels thereof to spy on, falsely arrest, harass, intimidate, and disseminate illegally obtained and false information to other agencies, all for the purpose of chilling, disrupting, and suppressing their exercise of First Amendment rights to free expression and freedom of association, as well as breaching their privacy. In addition, employees of the City of Tacoma illegally spied on attorney-client privileged communications in violations of the Sixth Amendment rights of certain Plaintiffs and spied on and attacked the homes/households of several Plaintiffs for that same purpose.

    1.26    Defendant GARY SMITH upon belief resides in PIERCE COUNTY within the WESTERN DISTRICTOF WASHINGTON.  Upon knowledge and belief, Defendant SMITH is, and was at the time of the injuries complained of in this complaint, a LIEUTENANT of the TACOMA POLICE DEPARTMENT (hereinafter identified as TPD) acting within the scope of his duties.   Defendant SMITH worked in partnership with Defendant FEDERSON and also was a recipient of the Force Protection Memoranda, Threat Assessments, and other writings prepared by Rudd.  Defendant SMITH met and planned strategy with Towery and Colvin, as well as other individuals and agencies. They spied on Plaintiff DUNN and BERRYHILL's Defense team, in violation of their Sixth Amendment rights, acted to spy on, and destroy Plaintiff CRESPO's household,

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                      19
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

and generally and specifically to disrupt the lives and political activities of Plaintiffs. That strategy was designed to silence the participants in dissent against the wars in Iraq and Afghanistan and to disrupt their demonstrations.

1.27   Defendant MARK FEDERSON upon belief resides in PIERCE COUNTY within the WESTERN DISTRICTOF WASHINGTON.  Upon knowledge and belief, Defendant FEDERSON is, and was at the time of the injuries complained of in this complaint, a LIEUTENANT of the TACOMA POLICE DEPARTMENT (hereinafter identified as TPD) acting within the scope of his duties.   Defendant FEDERSON worked in partnership with Defendant SMITH and also was a recipient of the Force Protection Memoranda, Threat Assessments, and other writings prepared by Rudd. Defendant FEDERSON met and planned strategy with Towery and Colvin, as well as other individuals and agencies.  They spied on Plaintiff DUNN and BERRYHILL's Defense team, in violation of their Sixth Amendment rights, acted to spy on, and destroy Plaintiff CRESPO's household, and generally and specifically to disrupt the lives and political activities of Plaintiffs.  That strategy was designed to silence the participants in dissent against the wars in Iraq and Afghanistan and to disrupt their demonstrations.

.28 Defendant JAMES BARRETT upon belief resides in Pierce Harbor County within the Western District of Washington State.  Upon belief, Defendant BARRETT is and was at the time of the injuries complained of in this complaint, an employee and/or agent of the TACOMA POLICE DEPARTMENT (hereinafter identified as TPD) acting within the scope of his duties.   Defendant Barrett was actively involved in planning, and acting to arrest, harass, and disrupt Plaintiffs and other lives , chilling the First

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                  20
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

Amendment Rights of Plaintiffs and all participants in PMR solely because they and the Department, in conjunction with the other listed other agencies antipathy for the content of the speech involved.

    1.29 Defendant ALAN ROBERTS upon belief resides in Pierce County within the Western District of Washington State.  Upon belief, ALAN ROBERTS is and was at the time of the injuries complained of in this complaint, an employee and/or agent of the TACOMA POLICE DEPARTMENT (hereinafter identified as TPD) acting within the scope of his duties.   Defendant Roberts was actively involved in planning, and acting to arrest, harass, and disrupt Plaintiffs and other lives , chilling the First Amendment Rights of Plaintiffs and all participants in PMR solely because they and the Department, in conjunction with the other listed other agencies antipathy for the content of the speech involved.  Defendants Barrett and Roberts have been added due to evidence gained from discovery and a vast number of documents obtained by the Plaintiffs in response to RPAs

    1.30 Defendant CHRIS ADAMSON upon belief resides in PIERCE COUNTY within the Western District of Washington State.  Upon knowledge and belief, CHRIS ADAMSON is, and was at the time of the injuries complained of in this complaint, the DIRECTOR of REGIONAL INTELLIGENCE GROUP 5, of THE WASHINGTON FUSION CENTER, THE SOUTH SOUND REGIONAL INTELLIGENCE GROUP of THE WASHINGTON FUSION CENTER, a LIEUTENANT of the PIERCE COUNTY SHERIFF'S OFFICE (hereinafter identified as PCSO) acting within the scope of his duties FOR ALL THREE ENTITIES.   Defendant ADAMSON, in his interlocking

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                    21
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

capacities, worked in conjunction and gave direction to Towery, while Towery was already acting as described for the Army and the other Defendants and others from the various agencies listed as Defendants in this action.  In addition Adamson acted to direct targeting of the Plaintiffs and others in this action, including listing of Plaintiffs Dunn and Berryhill, and others  as terrorists for Federal database.

1.31 Defendant WASHINGTON FUSION CENTER is a state entity organized under the auspices of the Washington State Patrol and the U.S. Department of Homeland Security, and is utilized and funded by the above defendants and a consortium of local, state, federal and military agencies working together to spy on activists and monitor, gather "intelligence" on, catalog, attack, disrupt, and prevent First Amendment activity. These counterintelligence efforts are in addition to Defendant WASHINGTON FUSION CENTER's ostensible job of detecting and preventing acts of terrorism, but appear to consume considerable local, state, and federal resources despite the clear absence of alleged terrorist activity on the part of Plaintiffs and others involved in Port Militarization Resistance and Students for a Democratic Society, among other groups.  Defendant WASHINGTON FUSION CENTER includes Regional Intelligence Groups (RIGs) including RIG 5, and the South Sound RIG, both of which are involved here.

1.32 Defendant PIERCE COUNTY (PC) is a government entity in PIERCE COUNTY, which is governed and functions under the laws of the STATEOF WASHINGTON.  It employs all of the involved officers, supervisors and command personnel of the PIERCE COUNTY SHERIFF'S OFFICE (PCSO) at this time known

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                            22
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

only to be defendant ADAMASON, but also including other police officers whose identities are as yet unknown, and of other employees whose identities are as yet unknown, who were involved in the illegal conduct and the harm alleged above and below.  These actions were part of a specific policy and practice of the PCSO, and ADAMSON was given free rein to conduct any investigation he saw fit without supervision or review, from the highest levels thereof and PIERCE COUNTY, from the highest levels thereof to spy on, falsely arrest, harass, intimidate, disseminate illegally obtained and false information to other agencies, all for the purpose of chilling, disrupting, and suppressing their exercise of First Amendment rights to free expression and freedom of association, as well as breaching their privacy. This was PCSO's contribution to the Washington Fusion Center.

1.33 There are other persons, identities presently unknown to Plaintiffs who are, and were at all times mentioned herein, supervisors, incident commanders, training, and/or disciplining officers, and/or decision-makers of the OLYMPIA POLICE DEPARTMENT, the CITY OF OLYMPIA, The TACOMA POLICE DEPARTMENT, the CITY OF TACOMA, The PIERCE COUTY SHERIFF'S OFFICE, the WASHINGTON FUSION CENTER,THE U.S. ARMY, U.S. COAST GUARD,AND/OR other agencies who acted in concert with the above named Defendants and who carried out, devised, or approved the actions that are the subject of this action and in doing the things hereinafter alleged, acted under color of state and FEDERAL LAW as agents of the various named entities, and/or other involved individuals and/or agencies and with those agency(ies)'s full consent and approval.

Panagacos v. Towery, et al-FOURTH AMENDED Complaint

LAWRENCE A. HILDES                                                                                                   23
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

1.34 This action is brought pursuant to the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article 1, Section 5 and Article 1, Section 7 of the Washington State Constitution, 42 U.S.C. 1983, 1988, Revised Code of Washington Title 9, Chapter 62, Section 10(1), Washington State common law prohibiting assault, battery, intentional infliction of emotional distress, invasion of privacy, and Washington common law negligence, as well as pursuant to Bivens v. Six Unknown Named Federal Agents 403 US 388(1971).

1.35 In November of 2009, Plaintiffs, by mail or in person, served the City of Olympia with the notice of claim. The City has not responded to these claims and the 60 days has now expired.  Federal Tort Claims Act claims are now pending and when the period for response to those claims has run, the relevant federal agencies and one additional municipal entity will be added to this case by amendment.

1.36 In June of 2010, relevant Plaintiffs, by mail or in person, served the City of Tacoma, and the Army, Navy, Air Force and Coast Guard with the appropriate notices of claim.  All claims were rejected by those parties.

## II. FACTS

2.1 In May of 2006, a group that later became known as Port Militarization Resistance (PMR) began engaging in peaceful protests against use of the public ports

Panagacos v. Towery, et al-FOURTH AMENDED Complaint

LAWRENCE A. HILDES                                                      24
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

of Western Washington for military shipments to the War in Iraq and later also
Afghanistan).

2.2 No later than March of 2007, the U.S. Army and federal, state, and local law
enforcement agencies and official began engaging in illegal spying, infiltration,
surveillance, searches and seizures and other illegal activity directed against PMR and
related activists and groups.

2.3    No later than March of 2007 Defendant JOHN J. TOWERY began illegally
spying on Plaintiffs, PMR, and others on behalf of the U.S. Army and under orders from
Defendant Thomas Rudd of the Force Protection Division of I Corps of the U.S. Army at
Ft. Lewis.

2.4 Towery approached individuals associated with PMR, Students for a
Democratic Society (SDS), and other groups in Olympia and Tacoma and lied about
who he was and why he was there.

2.5 Towery befriended Brendan Dunn, and others, with outright lies about his
name, who he was, and why he was there.

2.6 In March of 2007, Towery began illegally spying on organizing efforts for
peaceful demonstrations against the use of the Port of Tacoma for military shipments.
Towery and Defendant Rudd influenced and directed tactics that were employed by the
Tacoma Police Department and other agencies to disrupt the protests without cause or
justification.  This included covertly breaking the security of and joining a confidential,
privileged attorney-client listserve for the Defense team of a related criminal case dating
from June of 2006.  Defendant Herbig acted to illegally and covertly join the same

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                          25
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

listserve.  Both of these Defendants, Gary Smith, and others of the Tacoma Police Department did so for purposes of gaining unfair advantage in a criminal matter then going to trial.

2.7In May of 2007, Towery intensified his infiltration of PMR, attending numerous private meetings, engaging in lengthy discussions with activists, persuading activists to attend events and engage in tactics that they had not previously intended, and in conjunction with other agencies and individuals targeting activists for harassment and arrest in Olympia, Aberdeen, and locations in between.

2.8 A list was developed and kept of license plates of individuals identified as key organizers, accurately or not.  Those individuals were followed, stopped, cited, arrested, and otherwise harassed.

2.9 Much of this activity was in conjunction with the Tacoma Police Department, Pierce County Sheriff's Office, Thurston County Sheriff's Office, Aberdeen Police Department, Washington State Patrol, and Grays Harbor Sheriff's Office, in addition to the Olympia Police Department, and other agencies.

2.10 In addition, during that time period, the Tacoma Police Department, through Defendants Lt. Gary Smith and Lt. Mark Federson, in conjunction with Defendants Towery and Herbig began spying on a confidential, privileged attorney-client listserve belonging to the defense team for a criminal case stemming from a Port of Olympia demonstration in May of 2006.Defendants Towery and Herbig, as well as Defendants Smith and Federson, and others of the Tacoma Police Department engaged in such illegal surveillance for purposes of gaining unfair advantage in a criminal matter then

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                      26
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

going to trial.  Towery has now admitted to this activity in discovery responses.

Defendants then illegally obtained a confidential jury spreadsheet from the criminal defense team and gave it to the prosecutors from the Thurston County Prosecutor's Office in the middle of the trial in that matter.  A mistrial ensued.  That case was later dismissed for prosecutorial misconduct.  This dragged out a prosecution for several months that would have been dismissed, thereby preventing a likely acquittal and causing harm to individuals who will be named in an amended complaint to be filed later this year.

2.11 No later than May of 2007, the Coast Guard also began infiltrating and illegally spying on PMR and other groups, either in the person of Cliff Colvin directly or with CGIS officers planned and supervised by Defendant Colvin.

2.12 All of this spying created massive disruption to the ability of PMR to organize demonstrations and thereby chilled the climate for First Amendment expression for all involved.

2.13 In addition to Towery and Colvin, The Tacoma and Olympia Police Departments mounted an extensive campaign to infiltrate and disrupt the activities of PMR and the activists associated with them through the officers named and other, identities as yet unknown.  including obtaining confidential work-product documents.

2.14 Defendants Barrett and Roberts, and others above and below them in the chain of command at TPD began making targeted arrests of Plaintiff Dunn, Plaintiff Crespo, and Plaintiff Berryhill, and others whenever and wherever possible, in conjunction with the other agencies, and under the auspices of the Homeland Security

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                    27
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

Committee of TPD and REGIONAL Intelligence Group 5, and the South Sound

Regional Intelligence Groups., both subsets of the Washington Fusion Center, and both

administered by Chris Adamson who coordinated much of the harassment and spying

that wasn't being coordinated by the Army through Towery and Rudd.

Adamson, in conjunction with Towery "hired" Towery to do the spying  and

disrupt[ion he was already engaged in, and then more, in an attempt to protect the Army

from  domestic spying allegations.  In fact, Towery reported to both Adamson and Rudd,

and Adamson had to go through Rudd to speak to Towery and to get permission for him

to engage in additional activities for the Fusion Center, in addition to his spying for the

Army.

2.15 In addition to the Army, Coast Guard, and Olympia Police Department, the

following agencies are known to have spied on, infiltrated, or otherwise monitored the

activities of PMR and/or related or associated activists: Thurston County Sheriff's Office,

Grays Harbor Sheriff's Office, Pierce County Sheriff's Office, Tacoma Police

Department, Lakewood Police Department, Ft. Lewis Police Department, 504th Military

Police Division, Aberdeen Police Department, The Evergreen State College Police

Department, the Lacey Police Department, the Tumwater Police Department, the

Seattle Police Department, the King County Sheriff's Office, the Washington Fusion

Center, Immigration and Customs Enforcement, the Federal Protective Service, other

Divisions of the Department of Homeland Security, Naval Investigative Services, Air

Force Intelligence (which has created a special PMR SDS taskforce at McGwire Air

Force Base in New Jersey), The Federal Bureau of Investigation, and the Seattle Joint

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                          28
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

Terrorism Taskforce, as well as the previously discussed civilian employees of the City of Olympia.  This list is likely incomplete.

2.16 Two Fusion Centers where military, Federal, State, County, and Local law enforcement agencies gather together to share intelligence have formed to focus on the activities of PMR, one at Ft. Lewis, and the Washington Joint Analytical Center (now know known as the Washington Fusion Center).  DEFENDANT CHRIS ADAMSON directed two Regional Intelligence Groups of the Washington Fusion Center (RIG 5 and the South Sound RIG) and employed Towery in an overlapping role with his Federal one, infiltrating, investigating, harassing, and disrupting PMR, SDS, Plaintiffs, and other groups and individuals.

2.17 The Tacoma Police Department has formed a Homeland Security Division, which devotes a great deal of time to monitoring and reporting on the activities of PMR.

2.18 A great deal of the espionage focused on two collective households, one in Olympia and one in Tacoma.  Residents were harassed and arrested, Towery and other spies insinuated themselves into the households, attending meeting and social events, suggesting conferences and actions, etc.

2.19 In October of 2007, the Tacoma Police Department, through Smith, Federson, Barrett, and Roberts, amo0ng others, threatened to raid the Pitchpipe house on Tacoma because of a bookfair scheduled to take place there and threatened the house's landlord, resulting in a forced relocation of the house.

2.19 Various law enforcement agencies then collaborated to place a camera on a utility pole outside the new location of the household where it remained focused on the

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                29
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

house for several weeks until abruptly removed.

2.21 Activists including Jeff Berryhill, Wally Cuddeford, Brendan Dunn, Tom McCarthy, Glen Crespo, Brian Smith, Muhammad Ayub and others were subject to repeated false arrests and other harassment over an extended period of time.  Plaintiffs have now learned that Defendant Adamson, for the WASHINGT9ON FUSION CENTER, in conjunction with TPD and PCSO, caused Plaintiffs Dunn and Berryhill, as well as at least two other individuals to be listed in a national domestic terrorist database with picture, and identifying personal information along with false claims alleging a propensity for violence.  This has caused Dunn, Berryhill, and others to be subject to still more and more intense harassment.

2.22 All of this activity was directed at a group of several dozen non-violent activists, who had signed a pledge of non-violence and whose worst activities were peaceful acts of non-violent civil disobedience that harmed and threatened no one.

2.23 Defendant RUDD sent out frequent "Force Protection Memos" and "Threat Assessments on PMR, the intelligence he had, and military tactics for disrupting and preventing their demonstrations as if they were an enemy military force that had to be defeated in battle instead of non-violent civilians exercising their First Amendment Rights.

2.24 The Coast Guard also issued reports and threat assessments.

2.25 The Army put out a report where they cited a PMR scenario as one that justified their violation of the Posse Comitatus Act and engagement in spying and civilian law enforcement.

<u>Panagacos v. Towery</u>, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                    30
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

2.26 The threat assessments and force protection memos, and other similar reports from other agencies were disseminated to the list of law enforcement, military and other agencies listed in 2.14 above, along with additional agencies and individuals, including private security firms.

2.27 Those writings and others were used to justify preemptive arrests and physical attacks on peaceful demonstrations, as well as other harassment.

2.28 In November of 2007, the military once against used the Port of Olympia for military shipment

2.29    In response to the shipments, PMR held a series of peaceful protests in the City of Olympia over a two week period.

2.30 In advance of the shipments, RUDD began issuing daily memoranda based on the spying of TOWERY and others and disseminating those memoranda by e-mail to a lengthy list of military and law enforcement personnel and private security firms.

2.31 These memoranda discussed the tactics that PMR was likely to employ and details of internal discussions of strategy that were taking place in PMR meetings.

2.32 Military and law enforcement strategy meetings took place in Seattle prior to the date of the shipment.  Bjornstad attended those meetings as did Rudd, Towery, and Colvin, as well as officers of several law enforcement agencies.

2.33 At those meetings strategies and tactics for neutralizing PMR's ability to protest effectively were discussed and agreed to.

2.34 Michel, Bjornstad, and Nelson directed their officers in accordance with those meetings and with direction from Defendant HALL.

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

31

2.35 A decision was made by the City and Department to respond to the protests with brutal and excessive force, intimidation, and arrests, a large percentage of them false arrests.

2.36 These attacks on participants in these demonstrations and their Constitutional Rights were intended to chill the First Amendment rights of those who were and those who might participate in those peaceful demonstrations and to dissuade then from so participating.

2.37 Every day the strategies and tactics of the police were changed to counteract any success the participants in these demonstrations were having at getting their message across.

2.38 Some demonstrators and bystanders were seriously injured and emotionally traumatized.

2.38 Many others received minor injuries, physical and emotional.

2.39 Television footage of the police covering peaceful demonstrators in pepper spray aired all over the world.

2.40 Bjornstad made a decision, in consultation and by agreement with the other Defendants, agencies and the City to make preemptive arrests of demonstrators who had not broken any law to prevent potential civil disobedience.

2.41 That decision was made based on the spying, and the spying by the Army and Coast Guard is specifically referred to in Bjornstad's summary report of the demonstration.

2.42 All of the Plaintiffs in this action were harmed by the spying and surveillance

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                          32
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

by employees of the military and law enforcement and the resulting policies implemented in November of 2007.

2.43 Plaintiffs were arrested by the Olympia Police based on the above discussed violations. Plaintiffs Panagacos, and Robbins, were arrested together on November 13, 2007.  Plaintiff Grande, was arrested during the November, 2007 protests, but on different days.  Plaintiff Garfield was twice subjected to brutal attacks with pepper spray despite not engaging in any illegal activity .All of these Plaintiffs were subjected to excessive force by the Olympia Police during these demonstrations including copious and drastically illegal use of pepper spray on peaceful demonstrators, and massive firing of less lethal munitions including rubber bullets, plastic baton rounds, pepper shells, tear gas, and concussion grenades fired into crowds, and at individuals, as well as excessive an inappropriate use of batons, hands and bodies for physical battery.  All of these Plaintiffs suffered physical injury, pain and suffering, apprehension, and severe emotional distress.  The other three Plaintiffs did not suffer physical injury as a result of the events that are the basis for this action.

2.44 The preemptive actions by the police on the night of November 13, 2007 resulted in the arrest of 41 people for "attempted disorderly conduct, because, law enforcement insisted, they knew, based on the spying, that these individuals intended to block convoys.

2.45 At the time of the arrest of the PLAINTIFFS LISTED IN 2.44 ABOVE on November 13, 2007, demonstrators were chanting and singing, holding signs, and generally carrying out a lawful demonstration in a blocked off stretch of road, closed to

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                              33
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

traffic by the police. No traffic was blocked by the demonstration.

2.46 There were no convoys travelling at that time.  The only vehicles in the area were blocked from sight behind a fence in a non-visible potion of the locked area of the Port of Olympia.

2.47. After the arrests on November 13, 2007, the convoy was brought out through another gate some distance away and never even traveled through the location where the demonstrators had been prior to their arrest.

2.48 Most of the arrestees on November 13, 2007 were women.  At the jail several of them were forced to strip down to undershirts that exposed their breasts and nipples, in violation of jail policy-see <u>Love v. City of Olympia</u>.

2.49 They were forced to remain in that state, exposed to male guards and prisoners frightened and humiliated and freezing cold, for hours until just before they were released on their personal recognizance.

2.50  These conditions persisted despite repeated requests and demands by Plaintiffs and others that they be given blankets, their clothing back, or something else they could put on to keep warm.

2.51 All such requests were denied virtually completely resulting in medical harm to at least one (former) Plaintiff (Stephanie Snyder) that persisted long after the immediate violations by Defendants.  That harm in the jail is the subject of a different action, <u>Love v. City of Olympia</u>, not of this action, and is included herein for factual background purposes.

2.52 The organized policy of false arrests, brutality, excessive and unreasonable

<u>Panagacos v. Towery</u>, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                34
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

force, and humiliation and mal treatment in the jail was part of strategy meetings and discussions held in conjunction with the spying and involved multiple civilian and military agencies and personnel the identities of all of whom are not yet known to Plaintiffs.

2.53 Lower, Johnson, and other law enforcement personnel acted to destroy evidence of excessive force and other illegal police conduct.  In Lower's case, it was video of the arrests that took place in May of 2006 that resulted on the criminal case discussed above, and other evidence to be determined more recently. In the case of Johnson and other unknown Olympia Officers, it was video evidence of excessive force and false arrests that took place on the 10th of November, 2007, including force during the arrest of Plaintiff Rios.

2.54 Towery, Rudd, Colvin, and others continued in their illegal spying role at least until Towery was caught in July of 2009.

2.55 In August of 2008, PMR was holding meetings at the One Heart Café in Tacoma to discuss strategy for upcoming demonstrations around a military shipment through the Port of Tacoma.

2.56 Towery attended those demonstrations and snuck out to give at least hourly bulletins by text message and cell phone.

2.57 Demonstrators were followed from those meetings, followed to demonstration sites, and often preemptively arrested to prevent them from breaking the law.

2.58 Towery and the other illegal spies acted in a similar manner on May of 2009.  At that time demonstrators in Lakewood were arrested by soldiers of the 504th

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                          35
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

Military Police Battalion on civilian territory in Lakewood.  The Military Police and Ft

Lewis Police received briefings from Rudd as to what would take place on the part of

the demonstrators and made arrests accordingly.

2.59  In July of 2009, having received Force Protection Memos and Threat

assessments and other e-mails and correspondence in a Public Records Act Request

served on the City of Olympia for other materials, Brendan Dunn and Drew Hendricks

discovered that the Army and Coast Guard, and other agencies had been spying on

them.

2.60 Through research and investigation, Dunn and Hendricks were able to

determine that John Towery had been spying on them under a false name (John Jacob)

for at least two-and-a-half-years.

2.61 When confronted, Towery admitted to being a spy, but claimed to be doing it

for their own good.

2.62 Dunn had considered Towery a close friend as did others involved with

PMR.

2.63 The Army has admitted that Towery works for them, and promised an

investigation.

2.64 No investigation has ever taken place.

2.65 The US Attorney's Office has taken great pains to try and conceal the

evidence of the spying.

2.66 As part of his activities, Defendant Adamson added Plaintiffs Brendan Dunn

and Jeffery Berryhill  and two other activists to a terrorist database, complete with their

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                36
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

photographs, contact information, identifying personal inf9ormation, and false information claiming a propensity for violence and property destruction.  This resulted in a  great deal of harm to Plaintiffs including harassment, and arrests.

2.67 To Plaintiffs' knowledge, the spying, without Towery, continues to this day and continues to disrupt and chill the First Amendment protected activities of PMR.

## III. STATEMENT OF DAMAGES

3.1    As a direct and proximate result of the intentional acts of Defendants, Plaintiffs sustained deprivation of their First and Fourth Amendment Rights, as well as their Fifth, Sixth, and Fourteenth Amendment rights to equal protection under the law as well as loss of liberty, pain and suffering and injury in an amount that will be established at trial.

3.2    As a direct and proximate result of the intentional acts of Defendants, Plaintiffs sustained deprivation of their rights under Article 1, Sections 5 and 7 of the Washington State Constitution, and resulting suppression of their free speech rights and right to privacy with resulting physical, emotional, and Constitutional harms.

3.3    As a further direct and proximate result of the intentional and/or negligent acts of Defendants, some of the Plaintiffs had to retain legal counsel to vindicate their rights in court at an amount to be established at trial and for which they are entitled to be reimbursed.

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                        37
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

3.4    As a further direct and proximate result of the intentional and negligent acts of the Defendants, Plaintiffs have suffered physical and psychological harm at an amount to be established at trial.

3.5 Plaintiffs are entitled to compensation for the Constitutional and personal harms Defendants inflicted on them and the chilling effect Defendants' actions had on the exercise of their First Amendment rights.

3.6 Plaintiffs are entitled to compensation for pain and suffering endured as a result of the harm Defendants inflicted on them.

## IV. CAUSE OF ACTIONS:

### COUNT ONE
### VIOLATION OF CIVIL RIGHTS
### (TITLE 42 U.S.C. SECTION 1983)
### (As To All Individual Defendants, except RUDD, and DOES 1-100)

4.1    Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 3.6 of this complaint.

4.2    In committing the acts complained of herein, State and Local Defendants acted under color of state law to deprive Plaintiffs as alleged herein, of certain constitutionally protected rights including, but not limited to:

(a)  The right not to be deprived of liberty without due process of law;

(b)  The right to be free from invasion or interference with Plaintiffs' zone of

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                    38
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

privacy;

(c)  The right to equal protection of the law;

(d)  The right to be free from unreasonable search and seizure;

(e)  The right to be free from police use of excessive force;

(f)  The right to be free from discriminatory law enforcement;

(g)  The right to be free from cruel and unusual punishment.

(h) The rights to participate in a peaceful and lawful First Amendment exercise, to freely express their political views, to petition the government for redress of grievances, to freely associate with and assemble with others, and to do so without fear of wrongful arrest and illegal spying.

(i) The right to be free from false arrest, false imprisonment, disruption of the right to counsel in a  criminal proceeding, and malicious prosecution, all in violation of their Fourth and Fifth Amendment rights.

(j) The right to be free of Discrimination on the basis of gender

(k) The right to be free from illegal and unjustified exposure of their private information for purposes of chilling First Amendment rights, humiliation, and inflicting emotional distress in retaliation for their First Amendment activity.

4.3 In violating Plaintiffs' rights as delineated above, and other rights according to proof, Defendants acted by verbal threat and intimidation, use of force, unjustified arrest, false imprisonment, illegal and personally humiliating, invasive searches and spying, as well as deplorable and abusive jail conditions, or by ratifying personally the above listed conducts, and/or cruel and unusual punishment for alleged acts of civil

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

39

disobedience, acting intentionally to inflict extra-judicial and pre-arraignment

punishment, Defendants violated Plaintiffs' rights under the First, Fourth, Fifth, and

Fourteenth Amendments to the U.S. Constitution.

4.4 DOES 1-200 are the other local and state law enforcement officers, public

officials, and employees involved directly in the incidents in question.

4.5   As a direct and proximate result of the violations of their Constitutional rights

by Defendants, and each of them, Plaintiffs suffered general and special damages as

alleged in this complaint.

4.6   The conduct of Defendants was willful, malicious, oppressive, and/or

reckless, and was of such a nature that punitive damages should be imposed in an

amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.


## COUNT TWO
## VIOLATIONOF CIVIL RIGHTS
### (Title 42 U.S.C. Section 1983)
### (As To DEFENDANTS CITY OF OLYMPIA, CITY OF TACOMA, PIERCE COUTY, THE WASHINGTON FUSION CENTER, and DOES201-350)

4.7   Plaintiffs reallege and incorporate herein by reference the allegations set

forth in Paragraphs 1 through 4.6 of this complaint.

4.8   At all times herein mentioned, Defendant CITY OF OLYMPIA, CITY OF

TACOMA, PIERCE COUNTY, and the WASHINGTON FUSION CENTER acted with

deliberate intent to harass, disrupt, impede, and prevent intended participants in the

demonstrations in question from doing so, and to have them arrested, jailed, humiliated

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

and sexually violated by exposure in the jail, and then prosecuted, and participated in the creation of specific plans and policies to do so.

4.9 Defendants BJORNSTAD, NELSON, MICHEL, HALL, FEDERSON, SMITH, ROBERTS, and ADAMSON, as well as other supervisors and commanders acted deliberately and in concert with each other and others to carry out the campaign of chilling, disrupting and repressing the First Amendment rights of participants in this series of demonstrations in general and in violating the rights and privacy of these Plaintiffs in specific, resulting in the harm discussed throughout.

4.10 In addition to ratifying and facilitating the Unconstitutional conduct discussed throughout as a deliberate policy, the three municipalities and the FUSION CENTER and their police supervisors and command personnel failed to properly train, supervise, and discipline officers who engaged in this conduct.  All of this directly resulted in the harm to and arrest of Plaintiffs, and all of the harm related thereto.

4.11 The policy and actions based thereon deprived Plaintiffs of their rights secured by the Constitution of the United States, including, but not limited to their rights under the First, Fourth, Fifth, Sixth  and Fourteenth Amendments to the U.S. Constitution, and their rights under the Washington State Constitution, Article 1,Sections 5 and 7, etc.

4.12 In committing the acts complained of herein and in their official and individual capacity, Doe Defendants acted with a design and intention to deprive Plaintiffs of their rights secured by the Constitution of the United States and acted with deliberate indifference to Plaintiff's rights.

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                    41
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

4.13   As a direct and proximate result of the acts complained of herein, Plaintiffs have suffered general and special damages as set forth in this complaint.

4.14 The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT THREE
## VIOLATIONOF CIVIL RIGHTS
## (WASHINGTON STATE CONSTITUTION
## Article I, Sections 5 and 7, etc.)
## (As to All State Actor Defendants)

4.15   Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4.14 of this complaint.

4.16   Defendants' totally pretextual arrest of Plaintiffs was unlawful as they had violated no law, and was based entirely on their intent to engage in legal conduct that is protected as free speech under Article 1, Section 5 of the Washington State Constitution, and Plaintiffs violated no law.

4.17   Defendants' acts of spying on Plaintiffs individually and collectively violated their privacy and involved reporting personal and private details about them to be used to target, gather improper data, intimidate, attack, and humiliate them, in violation of Article I, Section7 of the Washington State Constitution and in so doing inflicted severe harm upon them.

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                    42
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

4.18    As a direct and proximate result of the violation of their Constitutional rights by Defendants, and each of them, Plaintiffs suffered general and special damages as alleged in this complaint, including violations of privacy, chilling of their First Amendment and Article I, Section 5 rights, and physical and emotional harm according to proof.

4.19    The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT FOUR
### FALSE ARREST
### (As to All Defendants)

4.20    Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4.19 of this complaint.

4.21    Defendants as discussed throughout this complaint, collaborated and planned to make arrests despite the fact that Plaintiffs had violated no law, with the only evidence that they had any intent to do so coming from spying and surveillance that is illegal under the Posse Comitatus Act of 1887and the Washington Privacy Act, as well as Article I, Section7 of the Washington Constitution and the Fourth Amendment to the

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                43
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

U.S. Constitution with the sole intent of disrupting the speech and chilling the First Amendment rights of the participants, causing great harm to Plaintiffs and others.

4.22    These arrests were based solely on improper motives based on Plaintiffs' intent to engage in First Amendment activity, which Defendants successfully sought to prevent them from engaging in.

4.23    Defendants' detention, seizure, and arrests of Plaintiffs and others without probable cause or a warrant violated Plaintiffs' rights under Article 1, Section 7.4.4 of the Washington State Constitution, and further resulted in the malicious prosecutions that followed, and the harm caused thereby.

4.24    The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts herein alleged.

4.25    As a direct and proximate result of the acts complained of herein, Plaintiffs have suffered general and special damages as set forth in this complaint.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.


## COUNT FIVE
## FALSE IMPRISONMENT
### (As to Plaintiffs Dunn, Berryhill, Crespo, Panagacos, Robbins, and Grande)
### (As to all Defendants)

4.26    Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4.25 of this complaint.

4.27    As a result of the false arrests detailed above, Plaintiffs were arrested,

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                44
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

taken to jail, under deplorable, illegal, and unconscionable conditions as described in this complaint without cause or justification before being released.

4.28    Plaintiffs were unjustly deprived of liberty for that period and subjected to abuses therein.

4.29    As a further direct and proximate result of the false arrest and imprisonment of Plaintiffs, they suffered damages and injuries as heretofore alleged in this complaint.

4.30    The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**COUNT SIX**
**ASSAULT AND BATTERY**
**(As to ALL Plaintiffs)**
**(As to All Defendants)**

4.31    Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4.30 of this complaint.

4.32    Defendants' physical seizure of these Plaintiffs is by definition a use of force, and since the arrests were not based on probable cause, they are by definition an unlawful use of force; since they were committed intentionally, without consent or lawful authority, or legitimate police purpose, they therefore constituted common law battery.

4.33    In addition, excessive force was also employed in the disruption of and

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                                        45
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

attacks on peaceful, lawful assemblies on November 10, 13, and other dates in November of 2007, during which arrests and detention of these Plaintiffs resulted in additional harm and additional battery.

4.34   All of the above alleged tortious conduct caused these Plaintiffs to reasonably fear additional imminent harm to their health and safety and additional tortious use of force.  This fear constitutes a common law assault.

4.35   Defendants knew or reasonably should have known that they would and did inflict this reasonable fear on Plaintiffs.

4.36   As a direct and proximate result of the violation of their rights by Defendants, and of Defendants' tortious conduct towards them, Plaintiffs suffered general and special damages as alleged in this complaint.

4.37   The detention, arrest, and resulting abuse of Plaintiffs was directly and proximately caused by Defendants' deliberate policies and deliberate failures in training, supervision and disciplinary action.

4.38   The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                              46
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

## COUNT SEVEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As to All Defendants)

4.39    Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 4.38 of this complaint.

4.40    In carrying out the policies and actions alleged in this complaint and other acts alleged throughout this complaint, Defendants, and each of them, sought to cause emotional distress and trauma to Plaintiffs, and Plaintiffs did suffer such great emotional distress with accompanying physical symptoms and ongoing trauma.

4.41    As a direct and proximate result of the violation of their Constitutional rights by Defendants and their other tortious conduct against them, Plaintiffs suffered general and special damages as alleged in this complaint.

4.42    The conduct of Defendants was willful, malicious, oppressive, extreme and outrageous and/or reckless, of such a nature as to shock the conscience, and of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.


## COUNT EIGHT
## MALICIOUS PROSECUTION
### (As to Plaintiffs actually prosecuted)
### (As to all Defendants)

4.43    Plaintiffs reallege and incorporate herein by reference the allegations set

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                 47
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

forth in Paragraphs 1 through 4.42 of this complaint.

    4.44    Defendants' arrest and imprisonment of Plaintiffs was based on a blatantly false pretext in retaliation for Plaintiffs' exercise of their rights under the First and Fourth Amendments (and the Washington State Constitution) and gave false information to the City of Olympia and Thurston County's Prosecutors' Offices, assisting those offices in prosecuting Plaintiffs, along with the assistance and agreement of Defendant Hall as the City Manager of the City of Olympia, despite the Plaintiffs' complete lack of illegal activity.  These actions constitute malicious and retaliatory prosecution, a violation of the Revised Code of Washington Title 9, Chapter 62, Section 10(1).  The prosecutions were a direct result of the false arrest of Plaintiffs.

    4.45    As a direct and proximate result of the violation of their Constitutional rights by Defendants and Defendants' other tortious conduct, Plaintiffs suffered general and special damages as alleged in this complaint and had to expend personal resources to hire counsel to defend and vindicate them as well as expend a great deal of time and thereby cause disruption to their lives.  This prosecution also further exacerbated the emotional distress, anxiety, fear, loss of sleep, and other physical harm to Plaintiffs, and further disrupted their lives.

    4.46    The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                         48
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

## COUNT EIGHT
## VIOLATIONS OF CONSTITUTIONAL RIGHTS PURSUANT TO BIVENS
### (As to Defendants TOWERY, RUDD, and DOES 351-500)

4.47    Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4.46 of this complaint.

4.48    Pursuant to Bivens v. Six unknown Named Agents 403 US 388, Defendants Towery, Rudd, Colvin, and Does 351-500, are liable to Plaintiffs for the Constitutional and tort violations detailed throughout this complaint.

4.49    Defendants Does 351-500 are other military, civilian, and federal law enforcement personnel involved in the illegal spying on Plaintiffs, and planning and carrying out false arrests, physical attacks, and other disruption, as well as attacks on Plaintiffs' and others' First Amendment/Article I, Section 5 activities.

4.50    Defendants' activities were narrowly calculated to violate Plaintiffs rights as detailed above, and to cause the harm detailed throughout this complaint.

4.51    As a direct and proximate result of the violation of their Constitutional rights by Defendants and Defendants other tortious conduct, Plaintiffs suffered general and special damages as alleged in this complaint and had to expend personal resources to hire counsel to vindicate them as well as expend a great deal of time, thereby causing disruption to their lives.  These violations also inflicted emotional distress, anxiety, fear, loss of sleep, and other physical harm to Plaintiffs, further disrupting their lives.

4.52    These Defendants acted intentionally to violate the Posse Comitatus Act

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                        49
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

and Plaintiffs' rights and protections thereunder. Defendants should therefore be penalized in accordance with that Act as well as detailed in the prayer for relief and Claims for damages.

4.53   The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth

## V. JURY TRIAL DEMAND

5.0 Plaintiffs hereby demand a jury trial in this matter.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants as follows:

1.      For general damages including pain and suffering together with special damages for Plaintiffs' reasonable and necessary legal expenses, bail, and medical expenses both past and future;

2.      For punitive damages in an amount to be proven at trial pursuant to federal and state law;

3.      For actual attorneys' fees and litigation costs pursuant to 42 U.S.C. 1988;

4.      For actual attorneys' fees and litigation costs pursuant to BIVENS

5.      For statutory attorneys' fees and costs; and

6.      For court supervised training and regulations requiring that the involved

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                        50
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

agencies and officers rescind procedures and policies and/or prohibit actions designed to suppress First Amendment activity and target participants therein, and/or target individuals and groups based on political affiliations, gender, or any other discriminatory criteria, including but not limited to additional training in non-discrimination against women to be administered by an organization of Plaintiffs' choice.

7.    For appropriate injunctive relief to bar Defendants and all similarly situated state and federal actors from ever carrying out such a campaign of illegal conduct again.

8.    For such other and further relief as the Court deems just and proper.

DATED: June 24, 2013

_____/S/_____
    LAWRENCE A. HILDES
    Attorney for Plaintiffs
JULIANNE PANAGACOS, ANDREA ROBBINS, JULIA GARFIELD, CHRIS GRANDE, ,
BRENDAN DUNN, GLENN CRESPO. JEFFERY BERRYHILL.
    P. O. BOX 5405
    Bellingham, WA 98227
    Telephone: (360) 715-9788
e-mail: lhildes@earthlink.net

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                51
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs

## PROOF OF SERVICE

Lawrence A. Hildes certifies as follows:

I am over the age of 18 years, and not a party to this action. I am a citizen of the United States. My

business address is P.O. Box 5405, Bellingham, WA 98227

On June 24, 2013, I served the following documents(s) described as follows

PLAINTIFFS' FOURTH AMENDED COMPLAINT

on the following persons(s) in this action at the following addresses:

Michael D McKay mdm@mckay-chadwell.com, hgr@mckay-chadwell.com, lmm@mckay-chadwell.com,
Thomas Matthew Brennan tmb@mckay-chadwell.com, hgr@mckay-chadwell.com, lmm@mckay-
chadwell.com, lisa@lldkb.com, Thomas Matthew Brennan tmb@mckay-chadwell.com, hgr@mckay-
chadwell.com, lmm@mckay-chadwell.com Kathryn C Pineda kcp@mckay-chadwell.com, hgr@mckay-
chadwell.com, lmm@mckay-chadwell.com

Donald L Law dlaw@lldkb.com,

Theodore J Angelis theo.angelis@klgates.com, rhonda.hinman@klgates.com, Pallavi Mehta
Wahi pallavi.wahi@klgates.com, bill.hill@klgates.com

Mark N. Bartlett MarkBartlett@dwt.com, barbaramcadams@dwt.com

 Michael Diaz michael.diaz@usdoj.gov, ECF-Civ.USAWAW@usdoj.gov, amy.hanson@usdoj.gov,
shannon.connery@usdoj.gov, tina.litkie@usdoj.gov

Homan, Jean (Legal)" <JHOMAN@ci.tacoma.wa.us>

**Attorneys for Defendants**

[ ] (BY FIRST CLASS MAIL) by placing a true copy of the above documents in a sealed
envelope with postage fully prepaid in the mail at Bellingham, WA, addressed to the person(s)
above at the above address

[X] By electronically serving, by filing an electronic copy with the court in such a way that
notice will be sent to counsel for Defendant

 [X] (FEDERAL) I declare under penalty of perjury that I am a member of the BAR of this court,
and that the above information is true and correct.

Executed on June 24, 2013, at Bellingham, Washington.

_____ /S/ _____
Lawrence A. Hildes

Panagacos v. Towery, et al-FOURTH AMENDED Complaint
LAWRENCE A. HILDES                                                                          52
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
Fax: (360) 714-1791
Attorney for Plaintiffs